OPINION OF THE COURT
Chief Judge Wachtler.
The defendant has been convicted of robbery and related offenses, and based on his record of prior convictions, was originally sentenced as a second felony offender. On the defendant’s application, however, the trial court resentenced him as a first felony offender, concluding that he is not a second felony offender within the meaning of the applicable statutes. The Appellate Division affirmed and the prosecutor appeals. We affirm.
The question presented is whether the defendant, convicted of the robbery and related offenses in 1982, should be sentenced as a second felony offender based on a prior 1968 conviction, when this can only be done by taking into account the fact that the defendant was incarcerated in 1972 on *713 another conviction which concededly was obtained in violation of his constitutional rights.
The appeal turns on the interpretation of three related statutory provisions. The Penal Law provides that a prior felony conviction cannot serve as a predicate for enhanced punishment if the sentence was imposed more than 10 years before the commission of the felony on which the defendant presently stands convicted (Penal Law § 70.06 [1] [b] [iv]). This would disqualify the 1968 conviction. But there is an exception, on which the People rely, which applies when the defendant has been incarcerated "for any reason between the time of commission of the previous felony and the time of commission of the present felony”, in which case the period of incarceration "shall be excluded” in calculating the 10-year period (Penal Law § 70.06 [1] [b] [v]). The defendant, on the other hand, relies on a section of the CPL which provides that a previous conviction obtained in violation of a defendant’s Federal constitutional rights "must not be counted in determining whether the defendant has been subjected to a predicate felony conviction” (CPL 400.21 [7] [b]).
The defendant has a record of three felony convictions.
In 1968 he was convicted of grand larceny and sentenced to three years in prison. He was released on January 12, 1971.
In 1972 he pleaded guilty to assault and was again sentenced to prison. He served 3 years and 71 days before being released on September 26, 1975.
In the present case the defendant was convicted of robbery and related offenses in 1982 for an incident that occurred on January 9 of that year. Based on his 1972 assault conviction he was sentenced to an extended term of imprisonment mandated for second felony offenders (see, Penal Law § 70.06 [2], [4]). The defendant moved to vacate this sentence on the ground that the 1972 conviction had been obtained in violation of his right to counsel because his attorney suffered from a conflict of interest and did not adequately advise or represent him. The trial court granted the motion and ordered that the defendant be resentenced.
Prior to the resentencing the People filed another information charging the defendant with being a second felony offender based on his 1968 conviction for grand larceny. The prosecutor recognized that more than 10 years had elapsed between the time the defendant was released from prison on that conviction and the time he committed his latest offense, *714 so that facially the 1968 conviction would not qualify as a "predicate felony conviction” (Penal Law § 70.06 [1] [b] [iv]). The People claimed, however, that the time the defendant was incarcerated on the 1972 conviction for assault should be excluded from this calculation pursuant to Penal Law § 70.06 (1) (b) (v), and with this time deducted the present offense was committed within 10 years of the defendant’s release from prison on the 1968 conviction. The People conceded that the 1972 conviction had been obtained unconstitutionally and thus pursuant to CPL 400.21 (7) (b) could not serve as the predicate felony conviction. It was urged, however, that the prison term the defendant served on that conviction could not be "ignored” and should toll the running of the 10-year period on the 1968 conviction because the Penal Law "expressly” provides that "any period of time” the defendant was "incarcerated for any reason between the time of commission of the previous felony and the time of the commission of the present felony” shall be excluded in calculating the 10-year period (Penal Law § 70.06 [1] [b] [v]).
The defendant opposed this application claiming that both the 1968 and 1972 convictions had been unconstitutionally obtained. He also argued that as a matter of constitutional law and statutory proscription the People were precluded from using the unconstitutionally obtained 1972 conviction to enhance punishment directly, as a predicate conviction, or indirectly by having it give extended life to the prior 1968 conviction.
The court found that the 1968 conviction was constitutional although the 1972 conviction was not. The court concluded, however, that the 10-year period had expired on the 1968 conviction and rejected the People’s argument that "any incarceration, legal or illegal, tolls the statute.” The court noted that "[i]t is clear that if the 1972 conviction were the only felony conviction of the Defendant, he would not be treated as a predicate felon. It is illogical that an unconstitutionally obtained conviction may not be used to establish predicate felon status, but may be used to obtain the same result by virtue of the tolling provisions of 70.06 (1) (b) (v). The legislature could not have intended such an irrational application.” Thus the defendant was resentenced as a first felony offender.
The Appellate Division affirmed and held: "Reading CPL 400.21 (7) (b) in harmony with Penal Law § 70.06 (1) (b) (v) *715 requires that any period during which defendant was incarcerated by virtue of an unconstitutionally obtained conviction shall not be used to toll the 10-year period of the second felony offender sentencing statute.” (129 AD2d 258, 261.)
On this appeal the prosecutor contends that the courts below erred in reading the statutes "in conjunction” because they ignored the "critical distinction between a conviction and a sentence imposed thereon.” He urges that the statutory prohibition against using an unconstitutionally obtained "previous conviction” is only applicable in selecting or designating the "predicate felony conviction”, which in this case is the lawfully obtained 1968 conviction. In the prosecutor’s view, this prohibition does not expressly apply and should not be applied in making the separate determination as to whether the 10-year limitations period has run on the predicate felony, or has been extended by an intervening period of incarceration. He suggests that the purpose behind the statute excluding periods of incarceration from the 10-year limitations period is to "require a felon to show that he can function in society in a crime-free manner for a period of ten years”, and that it is therefore irrelevant whether the sentence which removed him from society during this period was lawfully or unlawfully imposed.
The Supreme Court has held that a conviction obtained in violation of the defendant’s constitutional right to counsel cannot be used to enhance punishment for a subsequent conviction because then "the accused in effect suffers anew from the deprivation of that Sixth Amendment right” (Burgett v Texas, 389 US 109, 115; United States v Tucker, 404 US 443). The basic principle is reflected and more broadly stated in CPL 400.21 (7) (b), which provides: "A previous conviction in this or any other jurisdiction which was obtained in violation of the rights of the defendant under the applicable provisions of the constitution of the United States must not be counted in determining whether the defendant has been subjected to a predicate felony conviction” (see also, People v Harris, 61 NY2d 9, 16).
The People argue that no constitutional rights are implicated here because the predicate felony conviction on which they rely is the 1968 conviction which was found to be constitutionally obtained. We need not decide whether the constitutional rule would also apply when, as here, the unconstitutionally obtained conviction is used only to extend the life *716 of a prior felony conviction which was constitutionally obtained, because in our view the statutes of this State preclude the People from using the invalid 1972 conviction in this manner.
Contrary to the People’s contention, a "predicate felony conviction” and the 10-year period with its exception for periods of incarceration are not independent concepts which should be separately considered and evaluated. In fact the limitations period and the exception are simply "criteria” which the Legislature has prescribed must be used in determining whether a prior conviction qualifies as a "predicate felony conviction” for the purpose of imposing additional punishment for a current conviction (see, Penal Law § 70.06 [1] [b]). Most of the factors that must be taken into account in making this determination are found in Penal Law § 70.06 (1) (b), which defines a "predicate felony offense” and lists the "criteria”. However, an additional factor is found in CPL 400.21 (7) (b), where the Legislature has provided that a "previous conviction” which was unconstitutionally obtained "must not be counted in determining whether the defendant has been subjected to a predicate felony conviction”. Notably the statute does not simply say, as the People suggest, that such a conviction may not serve as the "predicate felony conviction”, but more broadly states that it shall not be "counted” in making the determination as to whether a prior conviction meets this standard.
Thus the various statutes provide an integrated legislative scheme, and all of the factors must be considered together to determine whether a prior conviction should be treated as a "predicate felony offense”. Reading the statutes in that light, it is clear that the 1968 conviction does not qualify because the 10-year limitation period had run when the defendant committed the current offenses, and it cannot be extended by taking into account the incarceration on the 1972 conviction since that conviction was unconstitutionally obtained. In short, when the statute says that incarceration "for any reason” extends the limitations period, it contemplates at least that the defendant has not been imprisoned without reason or unconstitutionally.
The legislative history does not indicate a contrary intent as the People suggest; in fact, on this point it is silent. To the extent that the statutory scheme reveals the Legislature’s purpose, it appears that the Legislature intended that a *717 person convicted of a crime should not be treated as a repeat offender for an old conviction or simply because in the last 10 years he was unconstitutionally convicted and deprived of his liberty.
Accordingly the order of the Appellate Division should be affirmed.
Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed.