Kaye, J.
(dissenting). CPL 400.21 (7) (b) declares that a previous conviction obtained in violation of a defendant’s Federal constitutional rights "must not be counted” in determining second felony offender status. To that end, the statute gives a defendant the right to first challenge the unconstitutionality of a prior conviction at any time during the course of the second felony hearing. The statute bespeaks a legislative intention that — while a prior unconstitutional conviction may not be undone, indeed a defendant may already have served a lengthy term of imprisonment — that flawed conviction should not, in fairness, be used anew as the basis for another period of incarceration. (For those found to be second felony offenders, the minimum and maximum sentences are materially increased. [See, Penal Law § 70.06.])
This case fits the statute in letter and spirit. In 1971, defendant was convicted of various drug offenses under circumstances the majority concedes would compel reversal as a matter of Federal constitutional law were he tried today. Despite his diligent efforts to litigate the constitutional issue, the courts recognized the merit of his claim only four years later in an unrelated case, after defendant had exhausted his avenues of appeal. Now the People seek to make new use of the 1971 conviction to add to defendant’s term of imprisonment for a 1986 robbery conviction. To my mind, CPL 400.21 (7) (b) proscribes this use of the earlier conviction, and I therefore respectfully dissent.
In concluding that defendant may be subjected to increased imprisonment based on the 1971 conviction, the majority reads restrictions into the plain language of the statute that are simply not there.
The court holds that the statute’s use of the past tense— prohibiting use of a conviction that "was obtained” or "was unconstitutionally obtained” — signals a legislative direction that the validity of the conviction is to be determined "as of *648 the time it was entered.” (Majority opn, at 644, 645.) In that the statute deals with past convictions, use of the past tense is inevitable. Nothing in the statute limits its application to convictions that were obtained in violation of defendant’s rights as courts were willing to recognize them at the moment of conviction, nor does the statute call for application of retroactivity principles. Had the Legislature intended to so confine the statute, it could have and undoubtedly would have said so.
The court’s analysis, like that of the Appellate Division, proceeds on the premise that the issue is solely a question of retroactivity. But it should be immediately apparent that this case is strikingly different from the retroactivity cases (see, majority opn, at 645). Defendant is not seeking to apply People v Jones (47 NY2d 409) retroactively to nullify his 1971 conviction. Vacatur of that conviction was denied in his separate postsentencing proceeding pursuant to CPL 440.10. He took no appeal from that decision, served his sentence, and concedes that the constitutional deprivation cannot be remedied retroactively by overturning the conviction. His point is different: he seeks only to avoid new use of the 1971 conviction — that would be unconstitutional now — to enlarge the term of imprisonment that will be imposed on him now. None of the cited cases deal with this situation. And none of them deal with a statute that on its face provides that the constitutionality of prior convictions — final judgments for all other purposes — can be challenged today, even when the constitutional point had never been raised during the prior litigation. Thus, the cited retroactivity cases are not precedents for the court’s decision under CPL 400.21 (7) (b).
Nor are the retroactivity cases — even if applicable — in theory dispositive of the issues before us. While the Supreme Court’s jurisprudence on retroactivity has evolved considerably over time, it is plain that the doctrine is founded on nothing more than fairness and practicality (see generally, Griffith v Kentucky, 479 US 314; Linkletter v Walker, 381 US 618). The decision to give a newly announced constitutional rule only prospective effect is distinctly not founded on any perception that previous failures were not also deprivations of a Federal constitutional right. If the law in effect at the time of a conviction were dispositive on constitutionality, as suggested by the majority (majority opn, at 645), there would be no reason to apply a newly announced decision to convictions in *649 other cases pending on appeal. Thus, whether or not People v Jones (supra) is retroactive, it is true today that defendant’s 1971 conviction was actually obtained in violation of his rights under the Federal Constitution, and the case falls squarely within the prohibition of CPL 400.21 (7) (b) against renewed use of such convictions.
Accordingly, our recent decision in People v Love (71 NY2d 711) is not "clearly distinguishable”, as the majority claims (majority opn, at 647). While it is true that the constitutional violation suffered by the defendant in that case was a denial of the right to counsel — a violation recognized even under the law in effect at the time of the conviction — that happenstance was not critical to our decision. Rather, the decision was based on our interpretation of CPL 400.21 (7) (b) as intending a broad mandate that a "person convicted of a crime should not be treated as a repeat offender * * * simply because in the last 10 years he was unconstitutionally convicted and deprived of his liberty.” (Id., at 717.)*
It is clear that, in engrafting the new restrictions onto CPL 400.21 (7) (b), the court’s real concern is simply the perceived practical impact of enforcing the statute as written. Without the restrictions now imposed by the court, the majority fears that "hundreds of convictions and enhanced sentences based upon them” may be "open to question” (majority opn, at 646). Such a concern begs the question of what the Legislature intended; if the costs of the statutory prohibition are high, that is a determination for the Legislature to make, not the court. But it is also a misplaced concern. Since CPL 400.21 (7) (b) applies only to second felony offender determinations, a proper and fair reading of the statute does not open any convictions to question. And since the statute itself provides that claims of unconstitutionality with respect to prior convictions are waived if not asserted at the predicate felony hear *650 ing, it is equally clear that enhanced sentences would not now be generally thrown open to question.
The vast majority of convictions are obtained under circumstances that are accepted as constitutional both at the time of conviction and at subsequent predicate felony proceedings. In those instances where a defendant is able to overcome the considerable burden of proof and succeed in establishing that the prosecution had actually exercised its peremptory challenges in a racially discriminatory fashion (Batson v Kentucky, 476 US 79) — to use the majority’s own example (majority opn, at 646) — such a conviction should not now be given new vitality as the basis for additional punishment. CPL 400.21 (7) (b) so provides.
Chief Judge Wachtler and Judges Alexander and Bellacosa concur with Judge Simons; Judge Kaye dissents and votes to reverse in a separate opinion in which Judges Titone and Hancock, Jr., concur.
Order, insofar as appealed from, affirmed.

 Significantly, the use sought to be made of the unconstitutionally obtained conviction in Love was indirect: the People sought to use not the unconstitutional conviction itself, but the time period during which Love was incarcerated pursuant to that conviction to toll the running of a 10-year limitation period under Penal Law § 70.06 (1) (b) (iv) so that an earlier, concededly constitutional conviction might be counted as a predicate felony. Notwithstanding the People’s claim that there was no constitutional impediment to such a use of the unconstitutional conviction, we held that CPL 400.21 (7) (b) prohibited even that indirect use. The majority’s decision today —which, under the same statutory language, countenances a direct use of an unconstitutionally obtained conviction to increase defendant’s punishment — is completely at odds with Love.