Bellacosa, J.
(concurring). Incarcerations based on convictions which are nullified because of Federal constitutional violations may not be used to toll or extend the 10-year limitation period for enhancement of sentence purposes under the holding of People v Love (71 NY2d 711). The Love principle *251 should be extended and applied to this case, where the net effect of and reasons for the judicial and prosecutorial decisions to vacate the predicate conviction at issue, to dismiss the indictment, and not to reprosecute are restoration of the accused to the protected sanctuary of a person presumed innocent for all time as to that accusation. I am unable to join the majority opinion because it extends the rationale of Love far more than necessary to decide this case. Indeed, the rationale of this case seems to swallow the narrow exception of Love and virtually eliminates the phrase "for any reason” from the statute.
Defendant’s predicate conviction was more than 10 years old and therefore unavailable for sentence enhancement in the matter now before us unless the 10-year period is extended by a period of incarceration. The conviction for which defendant was incarcerated was reversed for newly discovered evidence of such a fundamental nature that it ultimately prompted the District Attorney to withdraw the charges and to decline to prosecute the accused at all. The People nevertheless seek to salvage the incarceration upon which the conviction was based for predicate sentencing purposes by application of the tolling clause of Penal Law § 70.04 (1) (b) (v), thus adding new insult to the old injury. The defendant, restored to the status quo ante of a presumed innocent person, should not suffer the enhanced sentence at issue by imputation of a period of incarceration rendered a nunc pro tune nullity because the prosecution that led to it was ultimately demonstrated to be totally unwarranted in the first instance. For if the People cannot use an incarceration period premised on a conviction that was flawed under the Federal Constitution, they surely cannot use an incarceration of a person who has been restored to the status of presumed innocent for all time as to the accusation which produced that incarceration.
The Legislature’s breadthless phrase "for any reason” in Penal Law § 70.04 (1) (b) (v) has already been qualified, in effect, by our construction in Love (71 NY2d 711, supra). That clause, read and understood in the context of Love, must likewise be restricted here because the Legislature did not apparently intend, or could not reasonably be deemed to have intended, to allow a tolling in circumstances as are presented in this case. Otherwise, the People’s position in this case, if sustained, would produce an absurd result.
Accordingly, on the narrowest possible factual and statutory *252 construction grounds coupled with the inexorable analysis and application of People v Love (supra), I concur separately and vote to affirm the order of the Appellate Division.