Chief Judge Wachtler
(dissenting). I would reverse the order of the Appellate Division and reinstate the sentence imposed by the trial court.
Defendant is a recidivist robber who claims he should not have been sentenced as a recidivist. The question is whether he is entitled to a statutory dispensation because of the amount of time that elapsed between the prior conviction and the present one.
The Penal Law generally and logically provides that a repeat offender should receive a greater sentence than a first offender (see generally, Penal Law §§ 70.04, 70.06, 70.08, 70.10). An exception is granted in cases where the prior conviction occurred more than 10 years ago and the defendant has not been incarcerated in the interim (Penal Law § 70.04 [1] [b] [iv]). If the defendant has been incarcerated "for any reason,” that period must be excluded from the calculation (Penal Law § 70.04 [1] [b] [v]). Here the defendant was convicted of robbery in 1972 and again in 1987. The prior conviction was for robbery in the second degree, and the present conviction is for two counts of robbery in the first degree. Although more than 10 years have elapsed between the first robbery conviction and the latter ones, defendant was incarcerated on a rape conviction during this time. When this period of incarceration is excluded from the calculation, the present robbery convictions occurred less than 10 years after the first one and the defendant is entitled to no dispensation from the statute authorizing the court to impose enhanced punishment on recidivists.
Defendant contends that he is entitled to credit for the time he spent in prison because the rape conviction was later set aside based on newly discovered evidence and the prosecutor decided not to reprosecute. He relies on People v Love (71 NY2d 711), in which we held that a period of incarceration based on a conviction obtained in violation of a defendant’s Federal constitutional rights cannot serve to toll the running of the 10-year period. That decision, however, was based on a separate statute which expressly provided that a conviction obtained in violation of a defendant’s rights under the Federal Constitution cannot be used to enhance a subsequent sentence (see, CPL 400.21 [7] [b]). That statute has no application here because defendant’s rape conviction was not set aside for a *253 Federal constitutional violation,* and there is no other provision of law which requires or permits the court to reduce his sentence by treating him as a first offender.
The majority’s contrary conclusion, that the trial court lacked the power to sentence the defendant as a recidivist, is based largely on a broad construction of certain language taken out of context from the Love decision. But in construing statutes, it is the statutory language which remains controlling. Here, the statute clearly provides that a prior conviction serves to enhance a subsequent sentence unless the defendant has spent 10 years or more as a law-abiding citizen outside of prison.
The Legislature could have broadly provided that a defendant’s ability to comply with the law should also take into account his conduct in prison whenever the underlying conviction has been set aside and the charge dismissed. But it chose instead to adopt a more limited dispensation applicable to convictions set aside for violations of the defendant’s Federal constitutional rights, and only adopted this exception in response to Supreme Court decisions (see, People v Love, supra, at 715, citing Burgett v Texas, 389 US 109; United States v Tucker, 404 US 443).
This modest exception cannot be construed in such a way as to apply to all convictions set aside for any reason, and to construe other statutory terms as creating such an all-encompassing exception renders the narrow exception a nullity. There would be no need for the Legislature to enact a specific, limited exception for convictions set aside on Federal constitutional grounds if it had provided elsewhere for a broad exception encompassing all periods of incarceration based on convictions set aside for State constitutional violations, newly discovered evidence or any other cause.
The Court apparently finds it difficult to believe that the Legislature actually intended to do what it "literally” did— create a single exception to the general rule excluding periods of incarceration from the 10-year calculation — because that might produce harsh results in cases where an innocent *254 person was erroneously convicted and imprisoned. That, however, overstates the facts of this case. Here the defendant had intercourse with a woman suffering from mental illness which cast doubt on her credibility. But a woman suffering from such a disability may, in fact, be a rape victim. The prosecutor’s decision to drop this charge once her condition came to light simply reflects the fact that in such cases it is often impossible to convince a jury of the defendant’s guilt beyond a reasonable doubt.
It bears emphasis, furthermore, that the enhanced sentence sought to be imposed here is predicated on defendant’s prior robbery conviction, not on the rape conviction. The only relevance of the rape conviction is in determining whether the concededly valid robbery conviction is outdated under the recidivist sentencing criteria.
In any event, if the statute is capable of producing harsh results, the Court’s role is limited to calling the matter to the Legislature’s attention; it may not assume the legislative role and rewrite the statute to satisfy its own sense of justice (Pajak v Pajak, 56 NY2d 394, 397-398). This is a principle of ancient lineage which this Court has consistently applied in all types of cases (see generally, McKinney’s Cons Laws of NY, Book 1, Statutes § 73, and cases cited). In this case, nevertheless, the Court finds this principle intolerable and resorts instead to a liberal reading and generous rewriting of the statute to avoid the "harsh” result of sentencing the defendant as a recidivist, as the statute literally requires.
Judges Kaye, Alexander and Titone concur with Judge Hancock, Jr.; Judge Bellacosa concurs in result in a separate opinion; Chief Judge Wachtler dissents and votes to reverse in another opinion in which Judge Simons concurs.
Order affirmed.

 Notwithstanding the majority’s repeated characterization of defendant’s rape conviction as "invalid,” there is no indication in the record of any constitutional violation, defendant did not claim a constitutional violation when he sought vacatur of the conviction, and the vacatur was based on newly discovered evidence (CPL 440.10 [1] [g]), not upon constitutional grounds (see, CPL 440.10 [1] [d], [h]).