*650 OPINION OF THE COURT
Gerald Harris, J.
The defendant, Michael Burnside, was convicted after a jury trial of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]). On the date fixed for sentence, July 13, 2006, the People filed a statement of predicate violent felony conviction for drug offender (the statement) which was read to the defendant, alleging that the defendant previously had been convicted of a felony (assault in the first degree) (Penal Law § 120.10 [1]) on July 15, 1993 and that the defendant had been incarcerated in state prison from August 4, 1993 to March 16, 2001.
When questioned about the accuracy of the statement, the defendant admitted that he was the person convicted by guilty plea of assault in the first degree on July 15, 1993 and stated that he had no constitutional challenge to the validity of that conviction. Nor does the defendant controvert the allegation that he was incarcerated from August 4, 1993 to March 16, 2001.
However, the defendant contends that, when he was sentenced on July 15, 1993, as a predicate felony offender, he had not been furnished with a predicate felony statement and was not questioned about the accuracy or validity of the underlying conviction which made him a predicate felon on July 15, 1993. The defendant further argues that the sentence of July 15, 1993 was unlawful since it was based upon his status as a predicate felony offender although he had not been properly adjudicated as such.
The significance of defendant’s contention, that his 1993 sentence was unlawful, is that the People now rely upon the defendant’s incarceration between August 4, 1993 and March 16, 2001 to toll the 10-year limitation on the use of a prior felony conviction to enhance the sentence now to be imposed.
The Penal Law provides that a prior felony conviction cannot serve as a predicate for enhanced punishment if the sentence was imposed more than 10 years before the commission of the felony on which the defendant presently stands convicted (Penal Law § 70.06 [1] [b] [iv]). However, if the defendant has been incarcerated “for any reason between the time of commission of the previous felony and the time of commission of the present felony” the period of incarceration “shall be excluded” in calculating the 10-year period. (Penal Law § 70.06 [1] [b] [v].)
*651 Although the defendant does not deny the fact of his incarceration during the relevant period, he contends that such incarceration was unlawful, for the reason set forth above, and, thus, may not be used to toll the 10-year exclusion.
The Court of Appeals has held that incarceration pursuant to an unconstitutional conviction may not be used to toll the 10-year exclusion. (People v Love, 71 NY2d 711 [1988].) In People v Dozier (78 NY2d 242 [1991]), the Court of Appeals extended that disqualification to incarceration pursuant to a conviction which had been vacated for newly discovered evidence under CPL 440.10 (1) (g) and the indictment was subsequently dismissed on the People’s motion.
While the defendant’s challenge to his incarceration does not rest on constitutional grounds or on vacatur of the underlying conviction, the rationale of Love and Dozier appears to be that an unjustified period of incarceration, pursuant to an invalid sentence, may not be used to subject a defendant to enhanced punishment (cf. People v Ogarra, 1 Misc 3d 901[A], 2003 NY Slip Op 51457[U] [Sup Ct, Bronx County 2003]). Thus, the court finds it appropriate to examine whether the defendant preserved the claim he now advances and, if so, whether it has merit.
It is well settled that a failure to file a predicate felony statement prior to sentencing renders the sentence invalid as a matter of law and requires resentencing (People v Camble, 17 AD3d 235 [1st Dept 2005]; People v De Fayette, 16 AD3d 708 [3d Dept 2005]; People v Pierre, 8 AD3d 904 [3d Dept 2004], lv denied 3 NY3d 710 [2004]).
Defendant’s contention that a predicate felony statement was not filed when he was sentenced in 1993 is belied by the contents of the court file of that case of which this court is entitled to take judicial notice.* In that court file is a predicate felony statement, dated June 21, 1993, alleging that the defendant had previously been convicted of criminal sale of a controlled substance in the third degree on June 28, 1991. The court’s worksheet in that file contains an entry that the defendant was adjudicated a predicate felony offender. In addition, a *652 transcript of the proceeding held on July 15, 1993, certified by the court reporter, also evidences that the defendant had been properly adjudicated a predicate felony offender before the 1993 sentence was imposed. But most significantly, the transcript of June 21, 1993, also certified by the court reporter, indicates that, at the time of his plea, the following exchange took place between the court and the defendant.
“the court: Now, Mr. Burnside, I understand you have a previous felony conviction. You were convicted here in New York County on June 28 of 1991 of criminal sale of a narcotic drug; is that correct?
“the defendant: Yes.
“the court: And you got one to three years on that?
“the defendant: Yes.
“the court: Now, sir, this previous felony conviction is being used to increase your punishment in this case. Because you’re a predicate felon, you must get more time than you would if you weren’t a predicate. You have the right under the law to challenge this previous felony on constitutional grounds. For example, if you didn’t have a lawyer or if the judge didn’t give you the promised sentence or if you were forced to take the plea, those would be examples of constitutional challenges. Have you discussed this matter with Ms. Messina, your attorney?
“the defendant: Yes.
“the court: And do you have a challenge to this previous felony conviction?
“the defendant: Pardon me.
“the court: Do you have any challenge to this previous felony conviction?
“the defendant: Yes — no. (Confers with counsel.)
“the defendant: I have no problem.
“the court: The defendant is adjudicated a predicate felony offender.
“the court: This is a violent felony conviction. If you get into trouble in the future, this conviction as well as your previous felony conviction will be used to increase your punishment in any future case. Do you understand that?
“the defendant: Yes.”
There is a further basis for rejecting defendant’s challenge to his status as a prior felony offender for sentence purposes. By *653 not raising that issue on a direct appeal from his 1993 conviction and adjudication, and by not seeking relief by means of a postjudgment motion, the defendant has waived his right to object and the question of the propriety of his adjudication as a prior felon is no longer open (see, CPL 400.21; People v Loughlin, 66 NY2d 633 [1985]; People v Gines, 6 AD3d 336 [1st Dept 2004]; People v Levine, 257 AD2d 478 [1st Dept 1999]).
Accordingly, the court finds that the defendant’s incarceration from August 4, 1993 to March 16, 2001 was pursuant to a validly imposed sentence after he was properly adjudicated a prior felony offender. The period of that incarceration properly tolls the calculation of the exclusionary period and, thus, renders the defendant a predicate violent felony offender for purposes of sentence in the instant case.

 As a general rule, a court may take judicial notice of its own records in the case before it (Casson v Casson, 107 AD2d 342, 344 [1st Dept 1985]; Weinberg v Hillbrae Bldrs., 58 AD2d 546 [1st Dept 1977]; Prince, Richardson on Evidence § 9-301 [Farrell 11th ed]), or in another action in the same court (Matter of Ordway, 196 NY 95 [1909]; People v Dritz, 259 App Div 210 [2d Dept 1940]; Devine v Melton, 170 App Div 280 [1st Dept 1915]; People v Perez, 195 Misc 2d 171, 175 [Crim Ct, NY County 2003]).