This opinion is uncorrected and subject to revision before
publication in the New York Reports.
--------------------------------------------------------------

No. 176
The People &c.,
            Respondent,
        v.
Samuel Small, Also Known as
Samuel Smalls,
            Appellant.

David P. Greenberg, for appellant.
Ann Bordley, for respondent.

PIGOTT, J.:

Defendant Samuel Small, a/k/a Samuel Smalls was
indicted on March 30, 2006, for various charges arising from a
burglary that occurred January 11, 2005 in Brooklyn.  He was
arrested on April 4, 2006, for a different burglary that occurred
earlier that day.  At arraignment, the People served notice that
they would be presenting the April 4 burglary to the grand jury

- 1 -

on Monday, April 10, and defendant notified the People that he wished to testify.

Sometime between April 4 and April 7, the People learned that defendant was connected to yet another burglary that occurred February 23, 2006.  On April 7, they filed a felony complaint against defendant for that crime and obtained a warrant for his arrest.  Because defendant was already in custody for the April 4 burglary, however, he was never formally arrested or brought before a court on the new charges.  According to defendant, prison officials merely informed him that he was being arrested for a different offense.  When defendant appeared in court on April 10 for the grand jury proceeding, the People notified him that they would also ask about the February 23 burglary.  Defendant agreed to waive immunity and testify about both the February and April burglaries.  The grand jury returned a true bill with respect to both incidents, charging defendant with two counts of burglary in the second degree (Penal Law § 140.25[2]) and other related offenses.

Defendant unsuccessfully moved on three separate occasions to dismiss the indictment based on the People's noncompliance with the arrest warrant, their failure to provide adequate grand jury notice and their resulting inability to declare readiness for trial.  After a jury trial on the consolidated indictments, defendant was found guilty of one count of burglary in the second degree relative to the January 2005

burglary and one count of burglary in the second degree relative to the February 23 burglary.  (He was acquitted of all counts related to the April 4 burglary.)

The sentencing court adjudicated defendant a second violent felony offender based on a 1985 conviction for robbery in the second degree, concluding that the prior offense occurred within ten years of defendant's January 2005 burglary, after excluding intervening periods of time during which defendant was incarcerated.  Defendant objected, arguing that one of the periods of incarceration -- 442 days from August 1992 to October 1993 for a parole violation  -- should not have been used to extend the ten-year limit because a habeas court had ordered his release from confinement.  In light of the evidence presented at the parole revocation hearing, the habeas court concluded that defendant had been unlawfully confined and ordered his immediate release.

The sentencing court rejected defendant's argument with respect to the parole violation, found the 1985 conviction to be a valid predicate felony and sentenced him to fifteen years in prison followed by five years of post-release supervision for the January 2005 burglary.

The Appellate Division affirmed the judgment of conviction and sentence (People v Small, 112 AD3d 857 [2d Dept 2013]), and a Judge of this Court granted defendant leave to appeal (23 NY3d 1067 [2014]).

We hold that the courts below properly denied defendant's motions to dismiss the grand jury indictment for the February 23 burglary.  But we agree with defendant that he should not have been sentenced as a second violent felony offender and therefore modify the order of the Appellate Division by remitting the case for resentencing.

I.

Defendant seeks to vacate his conviction for the February 23 burglary based on two alleged violations of the Criminal Procedure Law: 1) failure to arraign him "without unnecessary delay" in violation of CPL 120.90 and 2) failure to give him notice of a grand jury proceeding in violation of CPL 190.50.

CPL 120.90 provides that, "[u]pon arresting a defendant for any offense pursuant to a warrant of arrest . . . a police officer . . . must without unnecessary delay bring the defendant before the local criminal court in which such warrant is returnable" (CPL 120.90[1]).  Defendant claims he was arrested for the February 23 burglary on Friday, April 7, and that the failure to arraign him on those charges before Monday, April 10, constituted unnecessary delay.  The courts below correctly concluded, however, that the People were not subject to the "unnecessary delay" requirement of CPL 120.90 because defendant was not arrested on April 7.  Only police officers may execute an arrest warrant (see CPL 120.10[1]), and corrections officers are

peace officers, not police officers (see CPL 1.20[34; 2.10[25]).
Even if we accept defendant's assertions that corrections
officers informed him of his arrest and that they attempted to
arrest him, they could not have legally done so.  Therefore,
section 120.90, by its plain terms, does not apply in this
situation.

Additionally, the People did not violate section 120.90
by failing to arraign defendant between Friday and Monday.  "No
specific time span is universally considered reasonable or per se
unreasonable" in bringing a defendant before the local criminal
court (Peter Preiser, Practice Commentaries, McKinney's Cons.
Laws of NY, Book 11A, CPL 120.90 at 522 [2004]).  Because
defendant was already detained on another charge, and his arrest
was authorized by a warrant, any prearraignment delay did not
implicate defendant's constitutional rights (see id.
[distinguishing prearraignment delay following a warrantless
arrest from prearraignment delay following an arrest authorized
by a warrant, noting that the latter has already been subject to
a judicial "determination of reasonable cause by a neutral,
detached official"]; cf. People ex rel. Maxian v Brown, 77 NY2d
422, 427 [1991] [finding 24-hour delay unreasonable when it
followed a warrantless arrest]).  Defendant would have been in
custody until April 10 regardless of whether he was arraigned on
the February 23 burglary, as he was scheduled to appear in court
on that date for the grand jury proceeding.  Under these

circumstances, we cannot say the weekend delay was unreasonable.[1]

Defendant also argues that the People violated CPL 190.50(5)(a) by failing to give him notice that they would be presenting evidence of the February 23 burglary at the April 10 grand jury proceeding.  That provision states that "[w]hen a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf" (CPL 190.50[5][a]).  "The district attorney is not obligated to inform such a person" about the grand jury proceeding, however, "unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the . . . proceeding" (id. [emphasis added]).  In such a case, "the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness" (id.).  If the People fail to comply with the statute's notice requirement, the grand jury proceeding is defective and, upon a motion by the defendant, the resulting indictment must be dismissed (CPL 190.50[c]; 210.20[1][c]; 210.35[4]).

Just as the "unnecessary delay" provision in CPL 120.90 does not apply to a defendant who has not yet been arrested, the

---

[1] To the extent defendant argues that the police also violated CPL 120.90(1) by failing to arrest him pursuant to the warrant, that claim is unpreserved.

notice requirement in CPL 190.50(5)(a) does not apply to a defendant who has not yet been arraigned.  The statute's plain language entitles a person to notice of an upcoming grand jury proceeding only if he has "been arraigned in a local criminal court" on the offense to be presented (id.).  Because defendant had not yet been arraigned on the felony complaint for the February 23 burglary, the People were not statutorily required to notify him that they would also be presenting on those charges.[2]

## II.

Defendant further contends that he should not have been sentenced as a second violent felony offender for the January 2005 burglary because his 1985 conviction for second-degree robbery occurred more than ten years earlier, and the intervening periods of incarceration did not close the gap.

A defendant who stands convicted of a violent felony may be adjudicated a second violent felony offender if he was previously convicted of a violent felony within ten years of the current offense (see Penal Law § 70.04[1][b][iv]).  "[A]ny period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony" is excluded from the ten-year calculation (Penal Law § 70.04[1][b][v]).

Central to this appeal is the language "for any

---

[2]  In light of this conclusion, we have no need to consider defendant's CPL 30.30 claim.

reason."  The legislative history "is silent" on the meaning of that phrase (People v Love, 71 NY2d 711, 716 [1988]), but we have construed it to mean that a period of incarceration will not be excluded if it was "without reason" or "patently unjustified" (People v Dozier, 78 NY2d 242, 249 [1991], quoting Love, 71 NY2d at 716).  Thus, in Dozier we found that a period of incarceration should not have been excluded where it was based on a conviction that was subsequently overturned due to newly discovered evidence.  We reasoned that extending the ten-year limitation on prior violent felonies "for an unjustified period of incarceration resulting from a flawed conviction," would amount to an absurd, unreasonable or unjust construction of the Penal Law (id.).

Although the habeas court did not vacate defendant's conviction for a parole violation, it did grant his immediate release from confinement after determining that "the evidence did not support" defendant's incarceration.  A person "illegally imprisoned or otherwise restrained in his liberty . . . may petition without notice for a writ of habeas corpus to inquire into the cause of such detention and for deliverance" (CPLR 7002[a]).  If a judge considering the habeas petition determines that a person has been unlawfully detained, he "shall . . . issue a writ of habeas corpus for the relief of that person" (id.).  That the habeas court in this case granted defendant's immediate release based on a lack of evidence

indicates that defendant was "imprisoned without reason" from 1992-1993.  We decline to read section 70.04(1)(b)(v), or our decisions in Dozier and Love, to include only those periods of incarceration that are based on subsequently invalidated or vacated convictions (see Dozier, 78 NY2d at 249 [rejecting a strict, literal reading of section 70.04[1][b][v]).  Where, as here, a period of incarceration has been deemed unlawful and unsupported by evidence, it should not be used to extend the ten-year limitation on prior violent felony convictions.

Accordingly, the order of the Appellate Division should be modified by remitting the case to Supreme Court for resentencing in accordance with this opinion and, as so modified, affirmed.

*    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

Order modified by remitting the case to Supreme Court, Kings County, for resentencing in accordance with the opinion herein and, as so modified, affirmed.  Opinion by Judge Pigott.  Chief Judge Lippman and Judges Rivera, Abdus-Salaam, Stein and Fahey concur.

Decided November 19, 2015