OPINION OF THE COURT
Richard Lee Price, J.
I. Background and Procedural History
On July 13, 2010, a judgment of conviction was entered against the defendant in Supreme Court, Bronx County (Stadtmauer, J.), upon a plea of guilty to attempted burglary in the second degree (Penal Law §§ 110.00, 140.25 [2]) under the above-captioned indictment (No. 4505-2007). Pursuant to Penal Law § 70.08, defendant, having been previously convicted of two violent felony offenses, was adjudicated a persistent violent felony offender and sentenced to an indeterminate term of life imprisonment with a mandatory minimum period of 12 years.
One of the two prior violent felony offenses was a judgment of conviction entered on September 28, 2000, in the Supreme Court, Bronx County (Stadtmauer, J.), upon his plea of guilty to burglary in the second degree (Penal Law § 140.25 [2]) under indictment No. 1114-2000. Defendant was adjudicated a second violent felony offender and sentenced to a determinate term of five years’ imprisonment. No term of postrelease supervision was imposed.
On April 14, 2004, defendant was conditionally released to the Division of Parole and began serving administratively imposed postrelease supervision. On November 16, 2004, defendant was declared delinquent, served an incarceratory term imposed on an unrelated case,* and was subsequently released on May 6, 2005. Defendant served postrelease supervision until July 5, 2006.
By letter dated January 6, 2009, the New York State Department of Corrections and Community Supervision identified the *209 defendant as a “designated person” pursuant to Correction Law § 601-d. On March 9, 2009, Judicial Hearing Officer Eileen Koretz determined that, in fact, defendant was neither advised of nor sentenced to a period of postrelease supervision. As such, in accordance with Correction Law § 601-d, the District Attorney advised the court that they would not seek resentencing with a period of postrelease supervision. On March 30, 2009, Justice Collins ordered that the original sentence imposed shall be unaltered and remain the sentence of the court.
On January 13, 2012, defendant moved in Supreme Court, Bronx County, pursuant to Criminal Procedure Law § 440.20, to set aside the persistent violent felony offender sentence imposed on July 13, 2010, and be resentenced as a second violent felony offender. Defendant argued that, under People v Butler (88 AD3d 470 [1st Dept 2011]), the 2009 Correction Law § 601-d proceeding on defendant’s 2000 conviction constituted a resentencing, and, therefore, defendant’s 2000 conviction could not serve as a predicate felony for his 2010 conviction. Constrained by the Butler precedent, this court vacated defendant’s original July 13, 2010 sentence under the above-captioned indictment (No. 4505-2007). On October 12, 2012, this court resentenced the defendant, as a second violent felony offender, to a determinate term of seven years’ imprisonment with a period of five years of postrelease supervision. The People appealed from this court’s decision.
In a decision dated March 27, 2014, the Appellate Division, First Department, unanimously reversed this court’s order based on the Court of Appeals’ subsequently established precedent in People v Boyer (22 NY3d 15 [2013] [effectively reversing the First Department’s decision in Butler (88 AD3d 470)]), which vacated the October 12, 2012 resentence, and reinstated the original July 13, 2010 sentence of 12 years to life (People v Bond, 115 AD3d 611 [1st Dept 2014]).
Then, by motion submitted August 3, 2015, defendant claimed that trial counsel rendered ineffective assistance at his July 13, 2010 sentencing by failing to challenge the constitutionality of defendant’s 2000 predicate felony conviction on the basis of People v Catu (4 NY3d 242 [2005]) thus requiring that his persistent violent felony offender adjudication be vacated. In accordance with the controlling authority of the Appellate Division, First Department (People v Fagan, 116 AD3d 451 [1st Dept 2014]), this court was constrained to grant defendant’s motion to vacate his persistent violent felony offender sentence *210 pursuant to Criminal Procedure Law § 440.20, and resentence him as a second violent felony offender.
Consequently, the People filed a second violent felony information seeking to have the defendant adjudicated as such based on his November 5, 1986 conviction of attempted burglary in the second degree. Defendant claims, however, that based on Fagan, not only is his 2000 conviction unconstitutional for purposes of adjudication as a persistent violent felony offender, it also precludes adjudication as a second violent offender because his imprisonment on that conviction did not toll the 10-year limitation pursuant to Penal Law § 70.04 (1) (b) (v).
After review of the motion papers, papers on file with the court, and prior court proceedings, this court is, once again, constrained to agree with the defendant.
II. Discussion
As this court previously observed, the First Department clearly staked out its position that trial counsel’s failure to adequately investigate whether the defendant was properly advised of postrelease supervision on a prior felony conviction (upon a guilty plea) in violation of Catu, and failure to litigate whether such violation rendered the prior conviction unconstitutional for predicate felony purposes constitute ineffective assistance of counsel (People v Lara, 130 AD3d 463 [1st Dept 2015]; People v Agard, 127 AD3d 602 [1st Dept 2015]; Fagan, 116 AD3d 451).
Defendant argues, in essence, that pursuant to Criminal Procedure Law § 400.15 (7) (b), an unconstitutionally obtained conviction must not be considered in adjudicating the defendant a second violent felony offender, regardless of whether the defendant previously sought to vacate such conviction (People v Small, 26 NY3d 253 [2015]). In Small, the Court of Appeals specifically stated, “We decline to read section 70.04 (1) (b) (v), or our decisions in Dozier and Love, to include only those periods of incarceration that are based on subsequently invalidated or vacated convictions” (Small, 26 NY3d at 260-261). Notably, it explicitly found that the determination whether a prior felony conviction constitutes a predicate felony conviction and whether it may serve to toll the 10-year limitation “are not independent concepts which should be separately considered and evaluated” (People v Love, 71 NY2d 711, 715-716 [1988]).
*211 The People, for their part, urge this court to distinguish Small, Dozier, and Love on the basis that they invalidated the underlying convictions as either without reason or patently unjustified (Small at 260; People v Dozier, 78 NY2d 242 [1991]). A Catu violation,. conversely, does no such thing. Rather, it neither affects the finality of the conviction nor negates any previously entered judicial determination. But even the People acknowledge that a post-Caiu predicate adjudication challenge is limited to whether such conviction may be used for purposes of sentence enhancement. And, as Love established, a prior felony offender adjudication and the 10-year limitation, or the tolling thereof, are inseparable. Presumably, the reason is that both are rooted in the sentence enhancement rubric. Thus, whatever may be said of Fagan’s impact, it ostensibly extends to precluding use of a prior felony conviction obtained in violation of Catu from tolling the 10-year limitation period provided in 70.04 (1) (b) (v).
III. Conclusion
For the reasons set forth above, the People are barred from relying upon defendant’s 2000 conviction in adjudicating him as a second violent felony offender.

 Defendant had been rearrested on November 9, 2004, and subsequently-charged, under SCI number 59166C/2004, with petit larceny (Penal Law § 155.25), unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]), criminal possession of stolen property in the fifth degree (Penal Law § 165.40), and a motor vehicle violation (Vehicle and Traffic Law § 509 [1]). On November 16, 2004, he pleaded guilty in Supreme Court, Bronx County, to unauthorized use of a vehicle in the third degree (Penal Law § 165.05 [1]) and was sentenced to nine months’ imprisonment.