People v Anonymous (2018 NY Slip Op 01270)





People v Anonymous


2018 NY Slip Op 01270


Decided on February 22, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 22, 2018

Friedman, J.P., Sweeny, Kahn, Singh, Moulton, JJ.


2069/12 5813 5812

[*1]The People of the State of New York, Respondent,
v
Anonymous, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Matthew Bova of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Courtney M. Wen of counsel), for respondent.



Judgment, Supreme Court, New York County (Maxwell Wiley, J.), rendered October 5, 2015, convicting defendant, upon his plea of guilty, of criminal possession of a controlled substance in the fifth degree, and sentencing him, as a second felony drug offender previously convicted of a violent felony, to a term of 2½ years, unanimously affirmed.
The sentencing court correctly determined that defendant's 1988 conviction of attempted burglary in the second degree qualifies as a predicate violent felony. Accordingly, we reject defendant's contention that he should be adjudicated a second felony drug offender without reference to a violent felony.
Defendant's 1988 conviction qualifies only if it occurred within 10 years of his commission of the instant offense on May 4, 2012, with that 10-year look-back period extended by any periods of incarceration during that time (Penal Law § 70.06[1][b]). At issue on appeal is a four-year period during which defendant was incarcerated on a 1993 drug conviction that was affirmed by this Court, but that resulted in a federal district court's grant of habeas corpus relief in 1997 on the ground that a courtroom closure violated defendant's right to a public trial. Ordinarily, in such a case, those four years would not toll the 10-year look-back period (People v Small, 26 NY3d 253, 260 [2015]; People v Dozier, 78 NY2d 242, 249 [1991]; People v Love, 71 NY2d 711, 716 [1988]). We assume, without deciding, that this determination by a lower federal court renders the 1993 conviction unconstitutionally obtained under Love (but see People v Kin Kan, 78 NY2d 54, 59-60 [1991]).
However, in 1997, shortly after the federal court's ruling, defendant pleaded guilty under the same indictment for the same conduct underlying the 1993 offense, and the time served on the 1993 conviction was credited towards his sentence on the 1997 conviction. As a result, that time was effectively served on a constitutionally valid conviction for the same underlying conduct, and the sentencing court properly extended the look-back period by those four years (see Penal Law § 70.30[5]; People v Cortez, 231 AD2d 450 [1st Dept 1996], lv denied 89 NY2d 863 [1996]). For recidivist sentencing purposes, the new conviction by plea validated the time served on the old conviction. Accordingly, the 1988 conviction was properly counted as a predicate violent felony.
We have considered and rejected the People's argument regarding mootness, and defendant's arguments regarding the scope of our review.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 22, 2018
CLERK