OPINION OF THE COURT
William C. Brennan, J.
Defendant herein makes this motion to dismiss the instant indictment on the ground that he was not accorded an opportunity to appear and testify before the Grand Jury.
On August 24, 1984, the defendant was arraigned in the Criminal Court on a felony complaint containing analogous charges to those on which he is now before the court. At that time defense counsel was served with a notice pursuant to CPL 190.50 that the matter would be submitted to the Grand Jury, and in response thereto, defense counsel served written notice on the District Attorney’s office that defendant intended to testify before the Grand Jury. The case was then adjourned several times in the Criminal Court and, finally, on November 28, 1984, the matter was dismissed in the Criminal Court for lack of prosecution. The matter was subsequently presented to the Grand Jury on December 6, 1984, and an indictment filed without the defendant having been given the opportunity to appear and testify at said Grand Jury proceeding.
*609 Defendant now argues that his request to testify at the Grand Jury was never withdrawn and he should have been given the opportunity to appear before the Grand Jury.
The People oppose the defendant’s motion upon the ground that his statutory right to be notified about a Grand Jury presentation was vitiated upon the termination of the Criminal Court proceedings.
CPL 190.50 (1) states: “Except as provided in this section, no person has a right to call a witness or appear as a witness in a grand jury proceeding.”
Subdivision (5) of said section provides that:
“Although not called as a witness by the people or at the instance of the grand jury, a person has a right to be a witness in a grand jury proceeding under circumstances prescribed in this subdivision:
“(a) When a criminal charge against a person is being or is about to be or has been submitted to & grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor’s information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding. In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein” (emphasis supplied).
While the statute is clear that the People are “not obliged” to notify a person of a Grand Jury proceeding unless he is a defendant in an undisposed felony matter before the Criminal Court, a person who is not in such a position is nonetheless provided a right to appear if he notifies the District Attorney in writing requesting an opportunity to appear. This right does not hinge upon that person being a “defendant”, the latter designation pertaining only to the People’s “obligation” as to notification of a pending Grand Jury presentment.
As stated by Joseph W. Bellacosa in the Practice Commentary (McKinney’s Cons Laws of NY, Book 11 A, CPL 190.50, p 279):
*610 “This provision is designed to prevent a district attorney from depriving a defendant of the opportunity of grand jury appearance which would accrue to him in the normal course of events by suddenly and secretly ‘lifting’ the case out of the lower court and into the grand jury at a time when the defendant has no reason to believe a grand jury proceeding to be in progress.” (Emphasis supplied.)
In the case at bar, there is no dispute that the People originally advised the defendant that his case would eventually be brought before the Grand Jury and the defendant similarly advised the People that he intended to exercise his right to participate in such a proceeding.
The issue now before the court, which appears to be one of first impression, pertains to the legal status and obligations of both parties during the nine-day hiatus between dismissal of the Criminal Court proceedings and the Grand Jury presentment.
In People v Lazar (51 Misc 2d 233, 236), the court pointed out that: “While no absolute duty rests upon the District Attorney to inform a prospective defendant of the Grand Jury proceeding * * * it is always incumbent upon the District Attorney to act fairly that justice may be done.”
Although Lazar (supra) dealt with former Code Criminal Procedure § 250, which did not provide for any notification to a defendant that a Grand Jury proceeding against him was pending or in progress, its logic can be appropriately applied here.
It is this court’s opinion that the People cannot, at this juncture, disregard all notification formalities, previously adhered to by both parties, upon the ground that there was a dismissal of the Criminal Court proceedings which was a direct result of the People’s own inactivity. Fairness and justice dictate otherwise, especially since defendant never wavered in his desire to appear and testify before the Grand Jury. The court finds it inconceivable that the People, in good conscience, can now argue that they were unaware of defendant’s desire to testify before the Grand Jury. Nor should the statutory provisions of CPL 190.50, as to when notification to a defendant is required, be used as a shield for the People to hide behind in circumstances such as this. If such be the case the People could conceivably stall any or all lower court proceedings to the point of dismissal for lack of prosecution and immediately thereafter present the matter to the Grand Jury without any obligation of notifying a “prospective defendant” that such proceedings are taking place.
*611 Accordingly, the defendant’s motion to dismiss is granted, with leave for the People to re-present to another Grand Jury. Bail conditions to remain the same.