■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HECTOR LUNA, Respondent.—Appeal by the People from an order of the Supreme Court, Queens County (Brennan, J.), dated February 27, 1985, which granted the defendant's motion to dismiss an indictment charging him with criminal possession of stolen property in the first degree, criminal possession of stolen property in the second degree, illegal possession of a vehicle identification number plate, unauthorized use of a vehicle in the third degree, operating a motor vehicle while license is suspended, and making an improper turn, with leave to re-present the matter to another Grand Jury.

Ordered that the order is affirmed.

At arraignment, the District Attorney's office served defense counsel with notice that the matter would be submitted to the Grand Jury. The defendant then served the District Attorney's office with written notice that he intended to testify before the Grand Jury.

The matter was later dismissed for lack of prosecution. However, it was subsequently submitted to the Grand Jury, and an indictment was filed. The defendant timely moved to dismiss the indictment, on the ground that the Grand Jury proceedings were defective because he was not accorded an opportunity to appear and testify before the Grand Jury.

Criminal Term properly granted the defendant's motion to dismiss the indictment, with leave for the People to re-present to another Grand Jury. Once a defendant has timely served the District Attorney with a written notice requesting an appearance before the Grand Jury, the District Attorney must

serve proper notice of the proceeding upon the defendant as required by CPL 190.50 (5) (a), (b), even if the underlying felony complaint has already been dismissed. Brown, J. P., Niehoff, Sullivan and Harwood, JJ., concur. [*See,* 127 Misc 2d 608.]