OPINION OF THE COURT
Leon A. Beerman, J.
Defendant Anthony Barker is charged in the indictment with having committed the crimes of criminal possession of a *663 weapon in the second degree, criminal possession of a weapon in the third degree and reckless endangerment in the first degree. He has moved this court for an order, inter alla, dismissing the indictment on the ground that he was denied his right to testify before the Grand Jury.
Based upon the written submissions and an examination of the court file, this court makes the following findings of fact and conclusions of law.
FINDINGS OF FACT
On September 21, 1991 at approximately 5:25 a.m. in the vicinity of 440 Beach 54th Street in the County of Queens, Police Officer Eric Sanders arrested defendant for possession of a weapon based upon his observation of defendant committing the crime charged in the felony complaint.
Later that day, a felony complaint was filed in Part AR1 of the Criminal Court.
Apparently, as a result of injuries sustained during the criminal transaction underlying the crime charged, defendant was admitted to Jamaica Hospital.
On September 27, 1991, he was arraigned on the felony complaint at the hospital. The court file reveals that Legal Aid counsel, who appeared for arraignment only, received notice pursuant to CPL 190.50 (5) (a) that the case would be presented to the Grand Jury and defendant served cross notice that he wished to exercise his right to testify before the Grand Jury.
However, under the peculiar facts of this case, the matter had been submitted to the Grand Jury on September 26, 1991, one day prior to the Criminal Court arraignment.
Some time on September 27, 1991, the court file was stamped, "Transferred to Supreme Court, September 27, 1991. Indictment No. 6132-91.” The indictment was filed on October 2, 1991.
Defendant was arraigned on the indictment in Part AA-1 of the Supreme Court on October 15, 1991.
CONCLUSIONS OF LAW
CPL 190.50 (5) (a) requires that "[w]hen a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury * * * if, prior to the filing of any *664 indictment * * * he serves upon the district attorney * * * a written notice making such request * * * The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint * * * In such case, the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein”.
Although the statute is specific that the right to notice of a Grand Jury presentation does not accrue to a defendant until there is an arraignment on a currently undisposed of felony complaint (see, People v Roberson, 149 AD2d 926; People v Grey, 135 AD2d 1031), the action undertaken here, that is, presenting a case to the Grand Jury prior to an arraignment on a filed felony complaint where defendant has been arrested, allowed the prosecutor to subvert the clear intent of the Criminal Procedure Law which is to afford an arrested defendant, in the ordinary and normal course of events, a statutory right to testify (see, People v Salazar, 136 Misc 2d 992).
It is the usual practice in Queens County to arraign a defendant on a felony complaint shortly after his arrest and often to present the case to the Grand Jury prior to the "180.80” day — within 120 hours after the filing of the felony complaint.
But here, because defendant was hospitalized, the arraignment was not held until six days after his arrest when the matter already had been presented to the Grand Jury.
The purpose of CPL 190.50 is to prevent the District Attorney from depriving a defendant of the opportunity for a Grand Jury appearance which would accrue to him in the normal course of events by suddenly and secretly lifting the case out of the lower court and into the Grand Jury at a time when the defendant has no reason to believe a Grand Jury proceeding to be in progress (People v Luna, 127 Misc 2d 608, affd 129 AD2d 816, lv denied 70 NY2d 650).
Although the language of CPL 190.50 requires notice only after an arraignment on a felony complaint, this limitation was not intended to be a subterfuge to allow the People to delay an arraignment and present the case to the Grand Jury, *665 thereby ignoring their obligation to notify a defendant, who would otherwise have been timely arraigned but for some extenuating circumstances, such as his hospitalization.
Rather, the language of the statute allows for that situation where there is a direct presentation of a case to the Grand Jury and the handing up of a sealed indictment. In that circumstance, the law does not require notice.
The anomalous events which occurred here should not create an opportunity for the People to deprive the defendant of his right to testify.
Moreover, defendant, in good faith, served timely notice at his arraignment on the felony complaint of his intention to testify and neither he, the prosecutor nor the arraigning court seemed to be aware that the case had been presented to the Grand Jury the day before. Had it been known that the indictment was voted, the case would have been immediately adjourned to Supreme Court for arraignment because once it had been filed, Criminal Court would no longer have jurisdiction over it (see, CPL 180.10, 210.10, 210.15).
Since there was obviously a misunderstanding regarding the progress of this case, the People should not now be allowed to deprive defendant of a statutory right because of a literal, but misapplied reading of the statute.
Moreover, pursuant to a conference held with counsel, it appears that defendant has a genuine interest in raising a justification defense before the Grand Jury. Additionally, the People have not asserted a viable claim of prejudice (see, People v Balukas, 95 AD2d 813).
In view of all of the foregoing, there are readily identifiable reasons for the dismissal of the indictment in furtherance of justice.
Accordingly, the indictment is dismissed with leave to represent to another Grand Jury in order to afford defendant an opportunity to testify.