OPINION OF THE COURT
Yvonne Lewis, J.
The defendant moves to dismiss the indictment on the basis that it was obtained in violation of CPL 190.50 (5) (a).
At the defendant’s Criminal Court arraignment on August 22, 1992, the felony complaint included charges of criminal possession of controlled substance and drug paraphernalia. Grand Jury notices and reciprocal Grand Jury notices pursuant to CPL 190.50, statement notices pursuant to section 710.30 (1) (a) and discovery demand CPL 240.30 and 250.20 *163 notices were served at the Arraignment Part on the felony complaint. Neither the court record nor the notices have any mention of a weapon. The defendant withdrew his "Grand Jury” notice on August 27, 1992 and later that same day he was indicted on the drug charges and one count of criminal possession of a weapon in the third degree.
The People argue that the defendant was on notice that a Grand Jury action was pending and withdrew his reciprocal notice before the Grand Jury voted. This argument fails because there is no showing the defendant had notice that the People intended to put forth any evidence before the Grand Jury of an armed felony charge, criminal possession of a weapon in the third degree.
CPL 190.50 (5) (a) states in pertinent part that "[t]he district attorney is not obligated to inform * * * unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceedings”. The literal meaning of this language would be that the District Attorney must notify the defendant of the offenses, which are a subject of the prospective or pending Grand Jury proceeding, so that the defendant would be adequately informed to make the decision to exercise his statutory right to appear as a witness before the Grand Jury. In People v Suarez (103 Misc 2d 910 [Sup Ct, NY County 1980]), the indictment was dismissed because the felony complaint and the Grand Jury notice failed to mention any serious armed felony charges and the prosecution failed to give notice or demonstrate good cause in failing to give the defendant notice of the more serious charge.
Other cases relevant to CPL 190.50 (5) (a) emphasize whether the defendant had actual effective notice either through the District Attorney or independent sources. (See, People v Natoli, 112 Misc 2d 1069, 1071 [Sup Ct, Kings County 1982] [the felony complaint was held to be sufficient to inform the defendant where the indictment charged some of the offenses named in the felony complaint]; People v Fletcher, 140 Misc 2d 389, 391 [Sup Ct, Queens County 1988] [the felony complaint charged assault in the second degree and the indictment charged a similarly related offense of assault in the first degree. The court found the felony complaint gave the defendant "some idea of the 'nature and scope of the Grand Jury’s inquiry’ ” (citing People v Martinez, 111 Misc 2d 67, 69 [Sup Ct, Queens County 1981])].) All these cases must be distin *164 guished from the instant case since nowhere in the felony complaint or any notices served on the defendant was there any mention of any information relating to a weapon which would have put the defendant on notice of the nature and scope of the Grand Jury proceedings.
The People further argue that the defendant was on notice of the weapon because a gun was recovered at the scene and CPL 710.30 (1) (a) notice was served indicating the defendant admitted to the possession of the gun. This notice was served at the arraignment on the indictment. The record is devoid of any such notice or any facts relating to a recovery of a gun at the Arraignment Part on the felony complaint. There is also no notice attached to the People’s responding papers to prove the notice existed at the time the defendant was arraigned on the felony complaint. Unless the defendant had actual knowledge of this crime he could not have been aware that this armed felony was part of the Grand Jury proceedings. A CPL 710.30 (1) (a) notice was served at the Arraignment Part on the indictment which included a statement by the defendant possessing the gun. However, this information was turned over after the defendant was indicted. The critical decision-making stage of whether to testify is prior to indictment. The People cannot abdicate their statutory duty because they at some later point turn over the information at a point subsequent to the indictment. " '[I]t is always incumbent upon the District Attorney to act fairly that justice may be done.’ ” (See, People v Luna, 127 Misc 2d 608, 610, affd 129 AD2d 816, lv denied 70 NY2d 650, citing People v Lazar, 51 Misc 2d 233, 236.) The People are obligated to inform the defendant of the nature and scope of the Grand Jury proceeding before the Grand Jury votes and before the defendant withdraws his notice especially when the scope is outside the felony complaint.
The defendant withdrew his reciprocal notice to testify before the Grand Jury voted the indictment. Had the defendant been informed that this serious charge would have been the scope of the inquiry, he may have made a different decision and testified before the Grand Jury.
Accordingly, the court finds that the indictment was obtained in violation of CPL 190.50 (5) (a). It is hereby dismissed on the condition the defendant testifies before the Grand Jury. The defendant shall inform the court and the People if he wishes to testify by the next adjourn date.