*490 OPINION OF THE COURT
Ira B. Harkavy, J.
Defendant moves for an order dismissing indictment No. 13410/92 pursuant to CPL 210.20 (1) (c) for failure of the People to inform the defendant or defense counsel that the Grand Jury presentation was being made, and for failure of the People to comply with CPL 170.20 (2). Defendant alleges that the Grand Jury proceeding was defective within the meaning of CPL 210.35 (4) which provides that a Grand Jury proceeding is defective when the defendant is not accorded any opportunity to appear and testify before the Grand Jury in accordance with CPL 190.50.
Defendant was arrested on November 13, 1992. He was charged with committing the crimes of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), criminal possession of a controlled substance in the third degree (Penal Law §220.16), criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), and criminal facilitation in the fourth degree (Penal Law § 115.00).
Defendant was arraigned at Criminal Court arraignments on a felony complaint on November 14, 1992. At the arraignment, the District Attorney served upon defense counsel the usual notice pursuant to CPL 190.50 that the charges against the defendant would be presented to the Grand Jury and that if defendant wished to testify before the Grand Jury he should serve a written request upon the District Attorney of his wish to testify before the Grand Jury.
The case was transferred to Part AP-N, where on November 19, 1992 the charges of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), criminal possession of a controlled substance in the third degree (Penal Law § 220.16), and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03), which included both felonies, were dismissed. The misdemeanor charge of criminal facilitation in the fourth degree (Penal Law § 115.00) was retained. The case was adjourned to Criminal Court Part AP-2 for November 23,1992.
On November 23, 1992, in Part AP-2, the defendant was informed that on November 20, 1992 he had been indicted by the Grand Jury, and that the matter was transferred to the Supreme Court.
The defense argues that the defendant was denied his rights *491 under CPL 190.50 since the District Attorney did not inform the defendant or defense counsel that the case would be presented to the Grand Jury once the felony counts were dismissed in Part AP-N. It is defense’s contention that therefore the indictment is defective under CPL 210.35 (4) and should be dismissed pursuant to CPL 210.20 (1) (c).
The District Attorney argues that defendant’s motion under CPL 210.20 (1) (c) must be denied as the defendant was made aware that the charges in this case were to be presented to a Grand Jury by the receipt of a CPL 190.50 notice at Criminal Court arraignments. It is claimed that despite the notice the defendant failed in any way to communicate a desire to testify before the Grand Jury.
The District Attorney further claims that the CPL 170.20 motion is equally groundless. The District Attorney alleges that CPL 170.20 is inapplicable to the present case, where the Criminal Court complaint was a felony complaint. The District Attorney claims that the only time CPL 170.20 would apply would be to prevent an entry of a plea of guilty to the misdemeanor charges while the Grand Jury was considering the felony charges. This did not occur.
The court records show that the defendant was arraigned on a felony complaint in Criminal Court Part AR-3 on November 14, 1992. The case was adjourned to Part AP-N for November 19, 1992. On November 19,1992, the Judge sitting in Part APN dismissed the charges of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree pursuant to CPL 180.50 which provides for reduction of felony charges in the Criminal Court. The misdemeanor "blue back” shows that the charges were dismissed for "no lab, no corrob” (no laboratory report showing drugs were present, no corroborating affidavit). The court records further show that the Grand Jury voted to indict the defendant on November 20, 1992 and the indictment was filed with the Supreme Court on November 27, 1992. The court records do not show that the defendant indicated either orally or in writing that he wished to testify before the Grand Jury. No notice was served prior to indictment or even after the defendant was informed of the indictment on November 23, 1992, and before November 27, 1992, when the indictment was filed with the court.
CPL 170.20 codifies the People’s right to present misde *492 meaner charges to the Grand Jury. It does not, as claimed by defense counsel, prevent the People from submitting a matter to the Grand Jury for indictment once the charges are reduced to a misdemeanor. In fact subdivision (2) of CPL 170.20 requires the local criminal court to "adjourn the proceedings to a date which affords the district attorney reasonable opportunity” "to present the misdemeanor charge in question to a grand jury with a view to prosecuting it by indictment in a superior court.” If the charge is presented to the Grand Jury and an indictment results, the local criminal court is divested of jurisdiction and all proceedings in the local criminal court with respect thereto are terminated.
CPL 170.20 (2) does not shield the defendant herein from having the case presented to the Grand Jury and having the Grand Jury charge the defendant with the commission of felonies, even though, at the time of the indictment, only misdemeanor charges were pending in Criminal Court.
CPL 190.50 (5) (a) provides that "[w]hen a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment * * * he serves upon the district attorney of the county a written notice making such request”. In the instant case, at the Criminal Court arraignment, the People served a notice upon defendant and his counsel that the case would be presented to the Grand Jury. The dismissal in Part AP-N was on technical grounds and it did not prevent the People from submitting the case to the Grand Jury once the proper documents were available. The defendant never filed a request to appear before the Grand Jury, even during the period when he had been informed of his being indicted and before the indictment was filed. By not requesting the right to testify before the Grand Jury prior to the filing of the indictment, defendant waived his right to do so, even though the indictment was for felonies dismissed in the Criminal Court on technicalities (see, People v Green, 110 AD2d 1035). Of course, if the defendant had served a notice of intention to testify prior to the filing of the indictment, the results would have been different. The dismissal of the felony charges in the Criminal Court leaving only a misdemeanor remaining in the Criminal Court complaint does not change the results. (People v Luna, 127 Misc 2d 608, affd 129 AD2d 816, lv denied 70 NY2d 650.) Despite the fact that at the time of the indictment only a misdemeanor was pending against *493 the defendant, he well knew that once the laboratory reports were available, the People could and would indict him on felony and misdemeanor drug charges. He further knew about the indictment for a period of time prior to the time of the filing of the indictment. Despite this, defendant made no effort to testify before the Grand Jury. He failed to make an oral or written request to testify. By failing to request the right to testify, the defendant waived his right to do so.
In concluding, the court must state that it is amazed and upset that neither attorney submitted a memorandum of law to the court. The motions deal with an obtuse, complicated question of law. Memorandums of law submitted by the attorneys help focus the Judge onto the pertinent legal questions. Attorneys should never rely upon a busy court to do their job. A well thought out, well researched, well written memorandum of law can be most helpful in convincing a Judge to accept the proffered point of view. Paraphrasing the Practice Commentary written by Judge Joseph W. Bellacosa is not a substitute for research.
The motions to dismiss indictment No. 13410/1992 are in all respects denied.