■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE FELICIANO, Appellant. [616 NYS2d 529] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Marrus, J.), rendered July 10, 1991, convicting him of sexual abuse in the first degree (17 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified by reversing the defendant's conviction on counts twenty through twenty-five and twenty-eight through thirty-six of the indictment, vacating the sentences imposed thereon, and dismissing those counts of the indictment; as so modified, the judgment is affirmed.

The defendant was arrested and charged, upon a felony complaint, with the crimes of sexual abuse in the first degree (two counts), aggravated sexual abuse in the second degree, and endangering the welfare of a child, said to have been committed on or about July 15, 1990. At his arraignment, the People served the defendant with written notice of their intention to present those charges to a Grand Jury. The defendant chose not to testify.

The Grand Jury ultimately voted an indictment charging the defendant with forty counts of sexual abuse in the first degree and one count of endangering the welfare of a child, occurring over an eighteen-month period, including July 15, 1990.

At trial, however, prior to charging the jury the court dismissed twenty-three counts of the indictment which charged the defendant with sexual abuse in the first degree on the ground that no evidence had been adduced at trial to support those counts. The court also dismissed the one count of the indictment which charged the defendant with endangering the welfare of a child, on the ground that this count was cumulative. Thus, in total, seventeen counts were ultimately submitted to the jury. The defendant was convicted on all counts.

The defendant now argues that because the Grand Jury notice set forth only the charges contained in the felony complaint, he was denied fair notice as to the scope of the Grand Jury's inquiry. We disagree. At common law, a defendant had no right to testify in his or her own behalf before a Grand Jury. It was not until 1940 that the Legislature established such a right (see, Preiser, Practice Commentaries, McKinney's Cons Laws of NY, Book 11A, CPL 190.50, at 284). While the Legislature also afforded defendants the right to have notice of a pending Grand Jury proceeding, that right is a limited one. CPL 190.50 (5) (a) provides, in relevant part, as follows: "When a criminal charge against a person is being or is about to be or has been submitted to a grand jury, such person has a right to appear before such grand jury as a witness in his own behalf if, prior to the filing of any indictment or any direction to file a prosecutor's information in the matter, he serves upon the district attorney of the county a written notice making such request and stating an address to which communications may be sent. *The district attorney is not obliged to inform such a person that such a grand jury proceeding against him is pending, in progress or about to occur unless such person is a defendant who has been arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is a subject of the prospective or pending grand jury proceeding*" (emphasis added).

There is no dispute that the defendant was fairly apprised of the charges involving July 15, 1990, since he was charged with those crimes in the felony complaint. The separate offenses about which the defendant now claims inadequate notice were not included in the felony complaint and, thus, by statute, the prosecution was not under any obligation to include them in the Grand Jury notification.

We agree with the defendant, however, that fifteen of the seventeen counts presented to the petit jury (every count except those charging crimes occurring on July 15, 1990) were duplicitous (see, People v Keindl, 68 NY2d 410; People v Vogt, 172 AD2d 864). Accordingly, we reverse the defendant's conviction on those counts, vacate the sentences imposed thereon and dismiss the indictment as to those counts.

We have considered the defendant's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Goldstein and Florio, JJ., concur.