■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v JASON CHOI, Respondent. [620 NYS2d 131] —Appeal by the People, as limited by their brief, from so much of an order of the Supreme Court, Queens County (Cooperman, J.), dated November 17, 1993, as granted those branches of the defendant's omnibus motion which were to dismiss the first, second, and fifth counts of the indictment, with leave to re-present those charges to another Grand Jury.

Ordered that the order is reversed insofar as appealed from, on the law, those branches of the defendant's motion which were to dismiss the first, second, and fifth counts of the indictment are denied, the first, second, and fifth counts of the indictment are reinstated, and the matter of the Supreme

Court, Queens County, for further proceedings on the indictment.

The defendant was arraigned on a felony complaint charging him with crimes arising from the assault of his daughter. At the arraignment, the People served notice of their intention to present those charges to the Grand Jury. Although the defendant served written notice that he wished to testify before the Grand Jury, he did not appear on the date scheduled for the presentment.

On that day, the defendant's son testified before the Grand Jury about incidents involving himself as well as an incident involving his sister. At a court appearance three days later, the People verified that the defendant did not intend to testify, but did not inform him that the scope of the Grand Jury's inquiry had expanded to alleged crimes against the son. However, later that day, the defense counsel received written notice that the defendant's son was also a complainant in the case. Although the People kept the case open for approximately another two weeks until the conclusion of the Grand Jury term to give the defendant an opportunity to testify, the defense counsel was unable to contact the defendant, who had been paroled and was barred from the family residence by a temporary order of protection. The Grand Jury ultimately voted to indict the defendant for crimes involving his son and crimes involving his daughter.

Thereafter, the defendant moved to dismiss the indictment on the ground that he was deprived of his right to testify before the Grand Jury because he was not apprised of the additional charges involving his son in a timely manner. The Supreme Court granted the motion to the extent of dismissing those counts related to the defendant's son, concluding that the defendant had not received meaningful notice of the Grand Jury proceedings as required by CPL 190.50 (5) (a). We disagree.

CPL 190.50 (5) (a) imposes no obligation on the People to provide notice of separate offenses or incidents that were not included in the felony complaint (see, People v Feliciano, 207 AD2d 803). Having notified the defendant that the charges in the felony complaint would be presented to the Grand Jury, the People satisfied their statutory obligation (see, People v Feliciano, supra).

In any event, the People ultimately apprised the defendant of the expanded scope of the Grand Jury's inquiry and gave him approximately an additional two weeks to appear. Conse-

quently, he was afforded an adequate and reasonable opportunity to exercise his right to testify *(see, People v Ferrara,* 99 AD2d 257). When the People served the defense counsel with additional notice, they had no knowledge that she would be unable to contact the defendant. Counsel's inability to locate her client did not render the notice unreasonable or improper. O'Brien, J. P., Hart, Goldstein and Florio, JJ., concur. *[See, People v Choi,* 160 Misc 2d 479.]