■ In the Matter of DOUGLAS BLANCERO, Petitioner, v RICHARD A. BROWN et al., Respondents. [628 NYS2d 729] —Proceeding pursuant to CPLR article 78 to prohibit the respondent Richard A. Brown from further prosecuting Kings County Indictment No. 10176/94 and to prohibit the respondent Michael Pesce from presiding over a trial of the petitioner on the ground that the respondent Richard A. Brown has exceeded his order of appointment.

Adjudged that the petition is denied, and the proceeding is dismissed on the merits, without costs or disbursements.

The petitioner was originally arraigned on a felony complaint that alleged an ongoing sexual relationship between him and a minor. The felony complaint charged the petitioner with numerous counts of sodomy, sexual abuse, and endangering the welfare of a child that had occurred between December 1, 1991, and August 31, 1993. The respondent Richard A.

Brown (hereinafter the respondent) was subsequently appointed a Special District Attorney pursuant to County Law § 701. The order of appointment provided that the respondent was appointed "to act as Special District Attorney in the above captioned matter for all purposes, including disposition, and that said Special District Attorney possess the power to discharge the duties of the Kings County District Attorney in this matter."

The respondent obtained an indictment against the petitioner charging him with four counts of sodomy in the third degree and one count of endangering the welfare of a child. The four counts of sodomy in the third degree referred to four separate sexual acts that the victim had related to the respondent, and the indictment alleged that these acts took place on unspecified dates between October 1, 1993, and November 13, 1993. The one count of endangering the welfare of a child referred to the entire sexual relationship between the petitioner and the victim that began on September 1, 1991, and continued through November 13, 1993.

The petitioner has now commenced this CPLR article 78 proceeding in the nature of prohibition. The petitioner contends that, since the indictment charges him with four counts of sodomy in the third degree beginning on October 1, 1993, which is after the dates of the acts alleged in the felony complaint, the respondent has acted in excess of his jurisdiction, as found in the order of appointment. Thus, the petitioner contends that prosecution of the crimes charged in the indictment should be prohibited.

While the extraordinary remedy of prohibition may lie if a Special District Attorney has exceeded his authority (see, Matter of Dondi v Jones, 40 NY2d 8), we reject the petitioner's contention that the respondent in this case has exceeded his authority. County Law § 701 authorizes the appointment of a Special District Attorney for a particular case. Given the type and the ongoing nature of the offenses with which the petitioner is charged, the difference in the dates of the offenses charged in the felony complaint and the dates of the offenses charged in the indictment does not mean that the indictment falls outside the ambit of the particular case contemplated by the felony complaint and the order of appointment (cf., People v Leahy, 72 NY2d 510). In addition, since the respondent was specifically granted the power to discharge the duties of the Kings County District Attorney, the indictment is not limited to only those offenses that were designated at the commencement of the Grand Jury proceeding (see, CPL 190.65 [2]; see

*also, People v Feliciano,* 207 AD2d 803). Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.