■ The People of the State of New York, Appellant, v Peter Hernandez, Respondent. [636 NYS2d 45] —Order, Supreme Court, Bronx County (Max Sayah, J.), entered on or about September 15, 1993, which granted defendant's motion to dismiss the indictment with leave to re-present, unanimously reversed, on the law, defendant's motion denied and the indictment reinstated.

Defendant was arraigned on November 25, 1992, on a felony complaint charging him with criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree. He was also charged with menacing in an accompanying misdemeanor complaint. Defendant had been arrested as the result of a police radio run of shots fired at 169th Street and Jerome Avenue. Upon arriving at the scene, the complainant informed the arresting officer that defendant had a gun. The officer then recovered a .38 caliber automatic loaded with five live rounds from defendant's person. According to the prosecutor, the complainant stated that defendant pulled out the gun when he was refused service at the bar at that location. At the arraignment, the People served defendant with written notice pursuant to CPL 190.50 and defense counsel indicated that defendant would not testify at the Grand Jury.

The case was thereafter adjourned twice and defendant was notified of specific dates when, if he so wished, he could testify before the Grand Jury. On the first adjourned date, the prosecutor informed the court that, except for a ballistics report, the case had been presented to the Grand Jury. On the second adjourned date, defense counsel confirmed that defendant would not be testifying and the prosecutor again indicated that the case had been "fully presented" to the Grand Jury. Despite these assurances, the next day the People presented

the testimony of two additional witnesses to the Grand Jury, both of whom testified that defendant had pointed the gun at the complainant. Thereafter, defendant was indicted for criminal possession of a weapon in the second, third and fourth degrees and menacing.

Although it appears that no appellate court has addressed the precise issue of whether the People are required to give Grand Jury notice regarding an enhanced gun possession charge which is not contained in the felony complaint but is subsequently voted by the Grand Jury, under the applicable statute, CPL 190.50 (5) (a), we find there is no obligation on the part of the prosecution to give notice regarding the expanded scope of the Grand Jury proceedings inasmuch as the People are not required to give notice with respect to separate charges which are not included in the felony complaint (see, People v Feliciano, 207 AD2d 803, lv denied 84 NY2d 1031; People v Choi, 210 AD2d 495, 496, lv denied 85 NY2d 971). Once the People have "notif[ied] the defendant that the charges in the felony complaint would be presented to the Grand Jury, the People [have] satisfied their statutory obligation" (210 AD2d, supra, at 496).

Here, although the second degree possession charge was not contained in the felony complaint, the People met their statutory obligation when they gave notice regarding the two weapon possession charges listed in the complaint. Nor can defendant seriously argue that he was not aware of the potential scope of the proceedings inasmuch as the circumstances pertaining to the gun charges involved the same complainant as the menacing charge. Concur—Murphy, P. J., Rubin, Kupferman and Williams, JJ.