■ The People of the State of New York, Appellant, v Tito Guzman, Respondent. [650 NYS2d 302] —Appeal by the People from an order of the Supreme Court, Queens County (Sampson, J.), dated December 10, 1995, which granted the defendant's motion to dismiss Queens County Indictment No. 4688/95, with leave to represent the matter to the Grand Jury on the ground that he was deprived of his right to appear before the Grand Jury pursuant to CPL 190.50.

Ordered that the order is reversed, on the law, the motion is denied, and the indictment is reinstated.

After an incident which occurred in the vicinity of Elderts Lane and Atlantic Avenue in Queens County on October 3, 1995, the defendant was arraigned on a felony complaint. The felony complaint charged the defendant with robbery in the third degree (two counts) and grand larceny in the fourth degree (two counts).

At his arraignment, the defendant was duly served with notice that the charges in the felony complaint would be presented to the Grand Jury. The defendant ultimately declined to testify before the Grand Jury.

The defendant was subsequently charged in an indictment with robbery in the first degree (two counts) and robbery in the third degree (two counts). The factual allocution in the indictment related to the incident on October 3, 1995, and specified, with respect to the charge of robbery in the first degree, that the defendant "used or threatened the immediate use of a dangerous instrument to wit: a knife".

By notice of motion, dated November 9, 1995, the defendant moved to dismiss the indictment on the ground that he had not been notified of the specific higher charge, i.e., robbery in the first degree, a Class B violent felony, that was considered by the Grand Jury. Accordingly, the defendant asserted he was not able to make an informed choice as to whether to testify before the Grand Jury and his right to so testify was thereby improperly compromised (see, CPL 190.50 [5] [a]).

The Supreme Court granted the defendant's motion, holding, "[n]owhere in the felony complaint or any notices served on the defendant, was there any mention of any information relating to a weapon which would have put the defendant on notice of the nature and scope of the grand jury proceedings".

We reverse and reinstate the indictment.

Where a defendant has been "arraigned in a local criminal court upon a currently undisposed of felony complaint charging an offense which is the subject of the prospective or pend-

ing grand jury proceeding * * * the district attorney must notify the defendant or his attorney of the prospective or pending grand jury proceeding and accord the defendant a reasonable time to exercise his right to appear as a witness therein" (CPL 190.50 [5] [a]; *see,* CPL 210.35 [4]).

Contrary to the defendant's assertion, the People are not required "to give notice regarding the expanded scope of the Grand Jury proceedings" *(see, People v Hernandez,* 223 AD2d 351, 352). Rather, as we have previously noted, once the People have "notified the defendant that the charges in the felony complaint would be presented to the Grand Jury, the People [have] satisfied their statutory obligation" *(People v Choi,* 210 AD2d 495, 496; *see also, People v Hernandez, supra).*

Here, the People met their statutory obligation when they gave notice regarding the charges of robbery in the third degree and grand larceny in the fourth degree listed in the felony complaint *(see, People v Choi, supra; People v Feliciano,* 207 AD2d 803). We note that the defendant cannot legitimately argue that he was not aware of the potential scope of the proceedings inasmuch as the circumstances pertaining to the enhanced charge in the indictment involved the same complainant and the identical incident set forth in the felony complaint. The underlying criminal conduct was "clearly set forth in the felony complaint and defendant should have been aware that the nature and scope of the Grand Jury's inquiry could lead to less or more serious charges" *(People v Simmons,* 178 AD2d 972, 973; *see also, People v Wilkins,* 194 AD2d 638, 639). Rosenblatt, J. P., O'Brien, Ritter and Friedmann, JJ., concur.