■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SANDY KING, Appellant. [651 NYS2d 534] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Buchter, J.), rendered January 5, 1995, convicting him of robbery in the first degree and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged, upon a felony complaint, with the crimes of robbery in the third degree and criminal possession of stolen property in the fifth degree arising from an incident that occurred on March 8, 1994, when he is said to have robbed the complainant of $7 and two packs of cigarettes. At the arraignment, the People served notice of their intention to present those charges to the Grand Jury.

The Grand Jury voted to indict the defendant for robbery in the first degree and criminal possession of stolen property in the fifth degree. Thereafter, the defendant moved to dismiss the indictment on the ground that he was deprived of his right to testify before the Grand Jury because the prosecutor failed to provide adequate notice of the scope of the Grand Jury proceedings, i.e., that he could be charged with the more serious crime of robbery in the first degree. The Supreme Court denied the motion on the ground that since the complainant had accused the defendant of saying "I have a gun. Give me your money", the defendant had notice that he could be indicted for robbery in the first degree.

CPL 190.50 (5) (a), provides, *inter alia,* that a person must be informed if a Grand Jury proceeding against the person is pending, in progress, or about to occur when the person has been arraigned on an undisposed-of felony complaint charging an offense which is a subject of the prospective or pending

Grand Jury proceeding. The People satisfied their statutory obligation *(see, People v Guzman,* 233 AD2d 527; *People v Feliciano,* 207 AD2d 803). Although the robbery in the first degree charge was not contained in the felony complaint, the factual portions of the complaint detailed how the defendant forcibly stole property from the complainant by threatening him with a gun. Thus, the defendant was aware of the nature and scope of the Grand Jury proceedings against him.

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Altman and Luciano, JJ., concur.