■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v HUMBERTO PEREZ-TAVARES, Respondent. [656 NYS2d 352] —Appeal by the People from an order of the Supreme Court, Queens County (LaTorella, J.), dated June 25, 1996, which granted the defendant's motion to dismiss Queens County Indictment No. 5471/95, with leave to represent the matter to another Grand Jury, on the ground that he was deprived of adequate notice pursuant to CPL 190.50.

Ordered that the order is reversed, on the law, the motion is denied, and the indictment is reinstated.

The defendant was arrested and charged in a felony complaint with the robbery of the complainant on a particular

date. The prosecution thereafter advised the defendant that the charge set forth in the felony complaint would be presented to the Grand Jury, and the defendant ultimately declined to testify before the Grand Jury. The complainant subsequently appeared in the Grand Jury and testified regarding the aforementioned robbery as well as three additional incidents in which he claimed to have been robbed by the defendant. Thereafter, the defendant was indicted for robbery offenses with respect to each of the four incidents concerning which the complainant testified. The Supreme Court granted the defendant's motion to dismiss the indictment on the ground that the defendant did not receive adequate notice of all of the criminal transactions which were presented to the Grand Jury. We reverse.

As we have repeatedly observed, "CPL 190.50 (5) (a) imposes no obligation on the People to provide notice of separate offenses or incidents that were not included in the felony complaint" (*People v Choi*, 210 AD2d 495, 496). In the present case, "[t]he separate offenses about which the defendant now claims inadequate notice were not included in the felony complaint and, thus, by statute, the prosecution was not under any obligation to include them in the Grand Jury notification" (*People v Feliciano*, 207 AD2d 803, 804). Inasmuch as the prosecution notified the defendant that the charge listed in the felony complaint would be presented to the Grand Jury, the People fulfilled their statutory obligation (*see,* CPL 190.50 [5] [a]; *People v Guzman*, 233 AD2d 527; *People v Hernandez*, 223 AD2d 351; *People v Choi, supra; People v Feliciano, supra*) and the notice was not inadequate under the statute. Miller, J. P., Sullivan, Santucci and Joy, JJ., concur.