OPINION OF THE COURT
Gary J. Weber, J.
On January 18, 1998 the defendant Jeffus Leftenant was arrested in South Carolina. On January 21, 1998 the defendant was arraigned in Riverhead Justice Court upon a felony complaint, and the District Attorney then served a notice of intent to present the case to the Grand Jury.
On January 27, 1998, the defendant, by his attorney, faxed this court a letter requesting that the court prohibit the District Attorney from charging the Grand Jury with respect to the above-referenced case. The court advised both counsel for defendant and the People to present their arguments on the record in court, which was done on January 28, 1998.
The court orally denied the defendant’s application on the record of the proceedings and this memorandum is meant to clarify the court’s reasoning in so doing.
In essence, it is the position of defense counsel that, because it is perceived by the defense that the Grand Jury may be called upon to consider a charge of murder in the first degree, a capital offense, for this reason alone, the defendant is entitled to special accommodations and treatment neither afforded other criminal defendants nor specifically provided by statute for cases of this class. In particular, the defendant moves this court to enjoin the District Attorney from moving forward in an already ongoing Grand Jury proceeding while the defendant considers whether or not he will seek to testify before the Grand Jury or present mitigating evidence to it. Counsel is unable to provide an exact time frame as to when these steps will be taken or even if, in the end, anything along these lines will be attempted at all.
FEDERAL DUE PROCESS CLAIM
To the extent that the defendant has founded the present application on the United States Constitution, his reliance is misplaced. The Fourteenth Amendment to the US Constitution does not mandate that the States prosecute any felony, even a capital case, by indictment, much less impose the criteria here suggested as constitutionally necessary attendant to a poten *607 tially capital Grand Jury proceeding. (Albright v Oliver, 510 US 266, 272 [1994], citing Hurtado v California, 110 US 516 [1884].) The right to prosecution by indictment and its concomitant procedures are exclusively a product of New York law. (NY Const, art I, § 6; CPL art 190 et seq.)
Accordingly, the defendant has no claim available to him in these regards founded upon the Fourteenth Amendment to the US Constitution.
STATE CLAIMS
The defendant argues that he is entitled to notice of the specific charges to be considered by the Grand Jury. A defendant is not entitled to notice with respect to the actual offenses which are to be presented to the Grand Jury other than that which appears on the face of the felony complaint. (See, People v Perez-Tavares, 238 AD2d 446 [2d Dept 1997]; People v Guzman, 233 AD2d 527 [2d Dept 1996], appeal withdrawn 89 NY2d 1012; People v Hernandez, 223 AD2d 351 [1st Dept 1996]; People v Choi, 210 AD2d 495 [2d Dept 1994], lv denied 85 NY2d 971; People v Feliciano, 207 AD2d 803 [2d Dept 1994], lv denied 84 NY2d 1031.)
The defendant further contends that he is entitled to a stay of the presentation of the Grand Jury proceedings which have already commenced so that he can have a greater opportunity to investigate the case and consider whether he might wish to present evidence or to testify.
In People v Johnson, a capital case, the court held a seven-day notice was a reasonable period of time within which to exercise the right to testify before the Grand Jury. (People v Johnson, 168 Misc 2d 798 [Sup Ct, Kings County 1996].)
The defendant has also made demands that in part are provided by CPL article 240.
Discovery in criminal actions is exclusively a product of legislative prerogative. (People ex rel. Lemon v Supreme Ct., 245 NY 24 [1927].) There is no common-law right to discovery prior to indictment and the Legislature has not provided any defendant’s right to discovery based upon the filing of a felony complaint. (CPL 240.20 [1].) The right to discovery only arises upon the pendency of an indictment. (CPL 240.20 [1]; see also, Matter of Faulkner v Carney, 166 Misc 2d 886 [Sup Ct, Schenectady County 1995].) Brady v Maryland (373 US 83) guarantees that a defendant will have full and fair use of exculpatory material at the time of trial, but does not mandate that such material be made available prior to indictment.
*608 To the extent that there is any impropriety or impairment of the Grand. Jury proceeding (CPL 210.25), these matters can be considered after discovery has been completed as part of defendant’s omnibus motion. (CPL 255.20.) This will allow counsel for the defendant to make a single motion, limiting the likelihood of a motion to renew.
Simply because the instant matter could conceivably invoke the possibility of the imposition of the death penalty, it does not necessarily follow that the defendant is entitled to procedural due process rights that he would not ordinarily possess in any other criminal proceeding involving prosecution for a felony. To the extent that the Legislature has included many new and specific rights and procedures for the benefit of defendants charged with crimes having potential death penalty consequences the defendant is correct in asserting that his procedural rights have been expanded. However, where, as here, the Legislature has not made a specific grant of the sought for procedural relief, such as the unusual stay of the Grand Jury proceeding herein prayed, no right exists in the defendant to claim relief he and his attorneys would like simply because of the defendant’s potential exposure to the death penalty.
In short, unless the defendant in a potential capital case can cite specific statutory authority for the grant of procedural rights other and different than those enjoyed by all other criminal defendants in New York State, any imagined so-called “heightened due process rights” simply do not exist. There is no “common law” exclusive to or for death penalty cases. It will not do to simply proclaim that a case is potentially a death penalty case and that ipso facto certain rights envisioned by the defendant and/or his counsel, but not by the Legislature, have attached in favor of the defendant. The defendant’s procedural rights are those granted by already established statutory law and case law as augmented only and strictly by such procedural advantages and benefits which the Legislature, by law, has chosen to specifically provide for the genre of potentially capital cases.
The defendant cites no legislative or other valid authority in support of his application for a stay of the Grand Jury proceeding herein and for the reasons herein cited, the instant application is in all respects denied.