■ The People of the State of New York, Respondent, v Andre Bethea, Appellant. [735 NYS2d 750] —Judgment, Supreme Court, New York County (Michael Sonberg, J.), rendered October 29, 1999, convicting defendant, after a jury trial, of auto stripping in the second degree, and convicting him, upon his plea of guilty, of auto stripping in the second degree, and sentencing him to concurrent terms of 1 to 3 years, unanimously affirmed.

The court's *Sandoval* ruling balanced the appropriate factors and was a proper exercise of discretion (*see, People v Walker*, 83 NY2d 455, 458-459; *People v Mattiace*, 77 NY2d 269, 275-276; *People v Pavao*, 59 NY2d 282, 292). Defendant's theft-related convictions were highly relevant to his credibility (*see, People v Post*, 235 AD2d 299, *lv denied* 90 NY2d 862). Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.

■ The People of the State of New York, Respondent, v Cedric Brown, Appellant. [735 NYS2d 749] —Judgment, Supreme Court, New York County (Micki Scherer, J., on dismissal motion; Richard Carruthers, J., at jury trial and sentence), rendered January 3, 2000, convicting defendant of robbery in the second degree, and sentencing him, as a second felony offender, to a term of 6 years, unanimously affirmed.

Defendant's motion to dismiss the indictment for failure to give adequate notice under CPL 190.50 was properly denied. The People satisfied their statutory obligation to defendant when they gave notice that the charge contained in the felony complaint, namely fourth-degree grand larceny, would be presented to the grand jury, notwithstanding that defendant was ultimately indicted for the additional charges of first- and second-degree robbery, all involving the same incident (*see, People v Guzman*, 233 AD2d 527, *lv withdrawn* 89 NY2d 1012; *People v Hernandez*, 223 AD2d 351). Concur—Sullivan, J.P., Rosenberger, Lerner, Rubin and Buckley, JJ.