Appeals by the defendant from (1) a judgment of the Supreme Court, Kings County (Pincus, J.), rendered October 31, 1995, convicting him of burglary in the first degree (two counts), rob *380 bery in the first degree, and robbery in the second degree, upon a jury verdict, and imposing sentence, and (2) a judgment of the same court (Tomei, J.), rendered December 18, 1995, convicting him of burglary in the first degree, upon a jury verdict, and imposing sentence.
Ordered that the judgments are affirmed.
The defendant failed to move within five days of his arraignment to dismiss the indictment on the ground that he was denied his right to testify before the grand jury. Therefore he waived his right to challenge the indictment (see People v Wade, 268 AD2d 448 [2000]; People v Crosby, 226 AD2d 472 [1996]). In any event, contrary to the defendant’s contention, the People are not required “to give notice regarding the expanded scope of the Grand Jury proceedings” (People v Guzman, 233 AD2d 527, 528 [1996] [internal quotation marks omitted]; People v Hernandez, 223 AD2d 351, 352 [1996]). “[0]nce the People have ‘notified the defendant that the charges in the felony complaint would be presented to the Grand Jury, the People [have] satisfied their statutory obligation’ ” (People v Guzman, supra at 528, quoting People v Choi, 210 AD2d 495, 496 [1994]). The People met their statutory obligation when they gave notice of the charges contained in the felony complaint (see People v Perez-Tavares, 238 AD2d 446, 447 [1997]; People v Crosby, supra).
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions, including those raised in his supplemental pro se brief, are without merit. Santucci, J.P, Krausman, Schmidt and Rivera, JJ., concur.