*242 OPINION OF THE COURT
Nicholas Iacovetta, J.
The indictment charges defendant with various crimes including two counts of attempted murder in the first degree, three counts of attempted murder in the second degree and one count of criminal possession of a weapon in the second degree.
He moves pursuant to CPL 210.35 (4), 210.20 (1) (c) and 190.50 (5) (c) to dismiss the indictment on the ground that his decision not to testify before the grand jury “may” have been different if he knew that the People intended to present evidence concerning the attempted murder of two police officers. The latter charges, although contained in the indictment, were not present in the felony complaint which charged only the crimes of criminal possession of a weapon in the second degree, reckless endangerment in the first degree and lesser related crimes.
A portion of the felony complaint alleges that a police officer “observed defendant kneel down on the ground and have on his person in his hand a silver handgun.” The same police officer also “observed defendant fire one round of ammunition in the direction of a group of males” and observed defendant “point said handgun, squeeze the trigger and heard a loud sound immediately thereafter.”
The People allege that they gave defendant oral notice of their intention to present evidence to the grand jury concerning the attempted murder of a police officer. The defense counters that it was informed that the latter charge would involve only a civilian rather than a police complainant.
It is not necessary to resolve the above factual dispute between the parties. The result, whatever its resolution, would not affect the outcome.
A prosecutor must notify a defendant of a pending grand jury proceeding and accord defendant a reasonable time to appear as a witness whenever the defendant has been arraigned in a local criminal court upon a currently undisposed of felony complaint (see CPL 190.50 [5] [a]). The latter notice has been interpreted to require that the defendant is provided with sufficient information concerning the nature and scope of the grand jury inquiry so as to enable him to appear meaningfully as a witness and, if necessary, secure the effective aid of counsel (see People v Adams, 190 AD2d 677, 678 [1993], lv denied 81 NY2d 1010 [1993]).
*243 “Once the People have ‘notified] the defendant that the charges in the felony complaint would be presented to the Grand Jury, the People [have] satisfied their statutory obligation’ ” concerning the extent of the notice required by CPL 190.50 (5) (a) (see People v Hernandez, 223 AD2d 351, 352 [1996], quoting People v Choi, 210 AD2d 495, 496 [1994], lv denied 85 NY2d 971 [1995]). There is “no obligation on the part of the prosecution [under CPL 190.50 (5) (a)] to give notice regarding the expanded scope of the Grand Jury proceedings inasmuch as the People are not required to give notice with respect to separate charges which are not included in the felony complaint” (see Hernandez, 223 AD2d at 352).
Here, the charges and facts in the felony complaint, which included defendant’s act of firing a loaded weapon in the direction of others, together with defendant’s concession of notice of the attempted murder charge concerning a civilian complainant, were of sufficient scope to satisfy the notice required by CPL 190.50 (5) (a).
It is highly speculative and unlikely that defendant would decide to testify about the attempted murder of a police officer after already deciding not to do so with respect to the same offense concerning a civilian complainant. Moreover, defendant cannot seriously argue that he was unaware of the scope of the grand jury proceedings since the attempted murder charges of both the police and civilian complainants involved his firing of the same weapon (cf. Hernandez, 223 AD2d at 352 [finding it doubtful that defendant was not aware of the scope of the charges where both the menacing and gun charges involved the same complainant]).
People v Dula (156 Misc 2d 162 [Sup Ct, Kings County 1992]) and People v Suarez (103 Misc 2d 910 [Sup Ct, NY County 1980]), cited by the defense, are not controlling in light of the subsequent appellate decision in Hernandez (223 AD2d 351 [1996], supra), where the felony complaint charged the defendant with criminal possession of a weapon in the third and fourth degrees. After the People announced the case was fully presented, and defendant declined to testify, the prosecution obtained an indictment which included the more serious charge of criminal possession of a weapon in the second degree. The trial court dismissed the indictment for failure to give adequate notice under CPL 190.50 (5) (a). The appellate court, in circumstances almost identical to those in Suarez (103 Misc 2d 910 [1980], supra), reversed. It held that the People were not *244 required to give notice regarding an enhanced gun possession charge which is not contained in the felony complaint but which is subsequently voted by the grand jury (see Hernandez, 223 AD2d at 352; contra Suarez, 103 Misc 2d 910 [1980], supra [where the felony complaint charged only third degree possession of a weapon, defendant declined to testify, the indictment included the more serious charge of second degree possession of a weapon, causing the trial court to dismiss the indictment premised on a violation of CPL 190.50 (5) (a)]).
Dula (156 Misc 2d 162 [1992], supra) and Suarez (103 Misc 2d 910 [1980], supra) are also both distinguishable from the instant case.
In Dula (156 Misc 2d 162 [1992], supra), the felony complaint charged only crimes concerning the possession of narcotics and drug paraphernalia. Defendant, after declining to testify, was indicted for the additional crime of possession of a loaded weapon which was not mentioned in the felony complaint or grand jury notice.
Here, unlike in Dula (156 Misc 2d 162 [1992], supra) and Suarez (103 Misc 2d 910 [1980], supra), the defendant was given oral notice that the presentation to the grand jury would include additional, enhanced charges not contained in the felony complaint. The defendant was advised that the charges would include attempted murder, albeit perhaps involving a civilian complainant rather than a police officer.
Although attempted murder of a police officer is a class A-I felony, while attempted murder of a citizen is a class B felony (see Penal Law §§ 125.27, 125.25, 110.05), the nature of the crimes charged in this indictment (Penal Law §§ 110.00, 125.27, 125.25), as opposed to that for which the defense claims it received notice (Penal Law §§ 110.00, 125.25), cannot be considered greater in scope in the same vein that the courts in Dula (156 Misc 2d 162 [1992], supra) and Suarez (103 Misc 2d 910 [1980], supra) found otherwise.
The motion to dismiss the indictment is denied.