■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KUIDON TOLE, Respondent. [942 NYS2d 295]—

Malone Jr., J. Appeal from an order of the County Court of Sullivan County (LaBuda, J.), entered June 15, 2011, which granted defendant's motion to dismiss the indictment.

After defendant was accused of unlawfully possessing contraband while an inmate at the Sullivan County Jail, the People served, by mail, a grand jury notice on defendant's counsel approximately one week prior to presentment, informing him that written notice of defendant's intent to testify before the grand jury was due no later than one day prior to presentment. The People did not receive such notice from defendant and an indictment was subsequently filed charging defendant with promoting prison contraband in the first degree. At arraignment, defendant argued that he had intended to testify before the grand jury but that he had not received the grand jury notice that had been forwarded to him by counsel until *after* presentment and, on that basis, defendant moved to dismiss the indictment. County Court ultimately granted defendant's motion, and the People appeal. We reverse.

The People provided defendant with sufficient notice of the grand jury presentment by sending notice to defense counsel

approximately one week before presentment (*see* CPL 190.50 [5] [a]; *People v Ballard*, 13 AD3d 670, 671 [2004], *lv denied* 4 NY3d 796 [2005]; *People v Crisp*, 246 AD2d 84, 86-87 [1998]). The fact that counsel did not relay the notice to defendant "within that time does not render the People's notice unreasonable" (*People v Ballard*, 13 AD3d at 671; *see People v Choi*, 210 AD2d 495, 496-497 [1994]).* Because the People did not receive timely written notice of defendant's intention to testify, the indictment was properly obtained (*see People v Ballard*, 13 AD3d at 671) and defendant's motion to dismiss the indictment should not have been granted (*see People v Choi*, 210 AD2d at 496-497).

In light of the foregoing, the People's remaining contention is academic.

Peters, P.J., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the order is reversed, on the law, motion denied, and indictment reinstated.

---

* Notably, defense counsel did not seek an adjournment or indicate to either County Court or the People that he needed more time to communicate with defendant prior to presentment.