Appeal by the defendant from a judgment of the Supreme Court, Kings County (Sullivan, J.), rendered October 14, 2010, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Parker, J.; DiMango, J.; Foley, J.) of the defendant’s three motions to dismiss the indictment.
*858 Ordered that the judgment is affirmed.
While the defendant was in police custody after being arraigned on a felony complaint for a burglary that occurred on April 4, 2006, the People filed a felony complaint charging him with offenses relating to a burglary that occurred on February 23, 2006. The defendant was never arraigned on the felony complaint related to the February 23, 2006, burglary. On May 9, 2006, a grand jury returned an indictment charging the defendant with committing both burglaries.
Contrary to the defendant’s contention, since he was not arrested pursuant to the arrest warrant that was issued in connection with the felony complaint related to the February 23, 2006, burglary, the police did not violate CPL 120.90 by failing to bring the defendant before a local criminal court without unnecessary delay (see CPL 120.90 [1]). Further, since the defendant was never arraigned upon the felony complaint related to the February 23, 2006, burglary, the People were not obligated to provide the defendant with notice that offenses arising from the February 23, 2006, burglary would be presented to the grand jury along with the offenses arising from the April 4, 2006 burglary (see CPL 190.50 [5] [a]; People v Perez-Tavares, 238 AD2d 446, 447 [1997]; People v Choi, 210 AD2d 495, 496 [1994]). In any event, the People ultimately apprised the defendant of the expanded scope of the grand jury’s inquiry, and afforded him an adequate and reasonable opportunity to exercise his right to testify (see People v Choi, 210 AD2d at 496-497).
The defendant contends that he was improperly sentenced as a second violent felony offender because the sentence on his predicate violent felony conviction was imposed more than 10 years before the commission of the instant offense (see Penal Law § 70.04 [1] [b] [iv]), and the 10-year period was not sufficiently tolled by periods of incarceration (see Penal Law § 70.04 [1] [b] [v]). Contrary to the defendant’s contention, his imprisonment from August 7, 1992, to October 21, 1993, was not without reason or unconstitutional, and this period was thus properly excluded in calculating the 10-year period (see id.; cf. People v Dozier, 78 NY2d 242, 249 [1991]; People v Love, 71 NY2d 711, 716 [1988]). Accordingly, the defendant was properly adjudicated a second violent felony offender. Balkin, J.R, Lott, Austin and Miller, JJ., concur.